WASSERMAN ET AL. *v.* HUTZLER BROTHERS COMPANY

[No. 170, September Term, 1958.]

*Decided March 17, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and DIGGES, Associate Judge of the Seventh Judicial Circuit, specially assigned.

*Harold Buchman,* with whom were *Morton Guth* and *Lawrence B. Coshnear* on the brief, for appellants.

*Melvin J. Sykes* and *Emanuel H. Horn,* with whom were *Harvey M. Lebowitz* and *Dickerson, Nice & Sokol* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

Four and one-half year old Debra Wasserman was painfully

injured when a thirty-eight pound fire extinguisher came in contact with and fractured the great toe on her right foot. The accident occurred while her mother was shopping in the downtown department store of Hutzler Brothers Company.

Two actions were joined in one declaration filed in the Superior Court of Baltimore City—one on behalf of the child for damages for personal injuries and the other by her father for medical expenses and loss of services. At the close of the evidence offered by the plaintiffs, the trial court granted the defendant's motion for a directed verdict, which resulted in judgments for costs against the plaintiffs. The sole question raised on this appeal is whether there was sufficient evidence, or inferences from evidence, to submit the issue of negligence to the jury.

The fire extinguisher, which normally hung on a bracket affixed to a post or pillar in the store—about waist high with the bottom approximately six to eight inches from the floor— was found on the floor in an upright position tilted against the child's foot. But there was a complete absence of evidence to show where the extinguisher was before the injury was sustained, who placed it where it was found and how long it had been there. The bracket was shown to be of the usual type and not defective. Under these circumstances, even if it is assumed that the presence of the extinguisher in an aisle indicated negligence on the part of someone, there is no evidence to support even an inference that such negligence was that of the defendant. Where an injury may have been sustained as a result of several negligent acts, and the defendant is responsible for only one, the plaintiff cannot recover if the trier of facts would be required to speculate as to which of such acts of negligence actually caused the injury. See *Wilson v. Blaustein*, 144 Md. 289, 124 A. 886 (1924); *Moore v. American Stores Co.*, 169 Md. 541, 182 A. 436 (1936); *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 113 A. 2d 405 (1955).

Since the defendant was not an insurer of the safety of its customers and invitees, the burden was on the plaintiffs to establish—in addition to showing the mere happening of the accident—that the placing or leaving of the extinguisher on the floor prior to the accident, if in fact that is where it was before

then, (i) was the act of someone whose conduct was attributable to the defendant, or (ii) to show that the defendant had either actual or constructive notice of its presence there. See *Rawls v. Hochschild, Kohn & Co., supra; Montgomery Ward & Co. v. Hairston,* 196 Md. 595, 78 A. 2d 190 (1951).

It is also clear that "the very nature of the offending object" does not give rise to an inference that the extinguisher was either placed or knowingly permitted to remain on the floor by the defendant. To hold the defendant liable on the scant evidence shown by the record would in effect be tantamount to requiring the department store to become an absolute insurer of the safety of its customers and invitees. See *McDonough v. Newmans Cloak and Suit Co.,* 247 Minn. 250, 77 N. W. 2d 59 (1956).

The entry of judgments for costs in favor of the defendant was proper.

*Judgments affirmed, the appellants to pay the costs.*