CARROLL, CHAS., Judge.
The appellant L. C. Blanford sued the appellees Frederic Russell Nourse and William Edward Lambert for damages for personal injuries which he received when he was struck by an automobile owned by the appellee Nourse and being driven by the appellee Lambert in his capacity as a Florida Highway Patrol auxiliary officer.
The facts upon which the case was decided were not in dispute. Blanford and *831 Nourse, in their respective automobiles, had been involved in a minor rear end collision, in which Blanford’s car struck Nourse’s car from the rear. No injury to those parties resulted, and Nourse’s car did not appear to be damaged. A highway patrol officer who happened to be nearby in a patrol car observed the accident, and pulled his car up behind the other two vehicles. At that time the Nourse car was in front, the Blanford car second in line and the patrol car was in the rear of the other two, with all three cars in the parking lane of the highway. The highway patrol officer who was in charge, one Chancy, placed Nourse under arrest. Blanford was given a ticket, and Trooper Chancy instructed officer Lambert to drive Nourse’s car from the scene to a sub-station maintained by the sheriff. When Lambert proceeded to drive the Nourse car from the scene, Blanford was then standing between the two cars, with his back to the Nourse car inspecting the damage to the front end of his own car. When officer Lambert started Nourse’s car, he set the controls of the automatic transmission to drive it forward. However, instead of going forward the car went backward, striking Blanford and pinning him between the two vehicles and causing the injuries which formed the basis of the action filed by him in the circuit court.
The defendants denied liability and pleaded contributory negligence. In a jury trial, at the conclusion of the presentation of the plaintiff’s case as to liability, the trial court announced its intention to direct a verdict in favor of the defendants. Non-suit was taken by plaintiff and this appeal ensued.[1]
A number of points were stated by the appellant, but aside from one relating to costs they involved appellant’s contention that Lambert was driving the car with Nourse’s consent so as to hind the latter under the dangerous instrumentality doctrine, and that liability should be fixed on Nourse for having failed to notify the driver Lambert of the condition of the car which resulted in its malfunction. Neither of those questions presents difficulty on the record.
" * * * Beginning with Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L.R.A.1917E, 7151 also Id., 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, and following the long line of decisions since then, this court has consistently applied the rule of respondeat superior in recognizing the liability of an owner of an automobile for the negligent operation of his automobile by one who drives with his expressed or implied permission, knowledge or consent. * * * ” Weber v. Porco, Fla.1958, 100 So.2d 146, 149.
Thus the question of liability of Nourse depended on whether Lambert was driving the car with Nourse’s knowledge and consent within the meaning of that doctrine. Obviously it was with Nourse’s knowledge, but the trial judge concluded, and our reading of the record furnishes no basis to disagree, that consent from Nourse was lacking.
Upon observing that Nourse had been drinking Chancy determined that he would not be permitted to drive his car away from the scene of the accident and placed Nourse under arrest. Chancy then directed his fellow officer Lambert to drive Nourse’s car to the sub-station. At this point in the case we encounter 'the question upon which the correctness of the challenged ruling of the trial court depends, that is, whether there was evidence of consent by Nourse to the use of his car, sufficient to require the question of such consent to be presented to the jury. Nourse did not testify. There was no other express testimony that he did not give his consent to Lambert to drive his car. Lambert did not testify on the point and the plaintiff *832 testified he knew nothing about that feature. The only evidence on the point was that given by the patrolman- Chancy. He first testified, in the form of a conclusion, that Nourse gave his consent, and further on made the positive statement that Nourse did give consent. Later, when examined by the trial judge, in reply to the judge’s leading questions he appeared to have changed his testimony. Some of the questions propounded by the trial Judge and Chancy’s answers were as follows:
“Q. After you placed him under arrest you assumed control and directed what should be done ?
“A. Yes.
“Q. Leaving no alternative?
“A. That is right.
“Q. The only alternative he had was to let Lambert drive it to the Substation ?
“A. That is right.”
The fact that Nourse was under arrest would not in and of itself prevent his giving a consent having a free and voluntary quality which is essential. It was so held in Rinehart v. State, Fla.App. 1959, 114 So.2d 487, 489. See, also, Escobio v. State, Fla. 1953, 64 So.2d 766; Shay v. State, Fla.1954, 70 So.2d 363. However, on the state of this record we are impelled to conclude that the learned trial judge was correct in deciding that the evidence would not justify a finding that Nourse had consented, expressly or impliedly, to the use of his automobile by the driver who caused it to injure the plaintiff.
On the question as to the defective condition of the car,, there was no evidence that it was known by the owner to have been out of order, or that it had malfunctioned previously by going to the rear when set for driving forward.
The defendant driver, Lambert, had no advance knowledge of any defect in the driving mechanism of the car. Having no reason to anticipate that the car would go backward when he set the controls for it to go forward, it could not have been found that Lambert was negligent in attempting to drive away without first clearing people from behind the car. It follows that the trial judge was correct in concluding that a verdict should be directed for the defendant Lambert.
We have noted appellant’s question challenging the allowance of cost items to him and find the same to be without merit as the allowances appear to be within the discretion of the court under § 768.09, Fla.Stat., F.S.A.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. Appealability of such an order for nonsuit is recognized and provided for by § 59.05, Fla.Stat., F.S.A.