## COBOURN ET AL. *v.* MORRISON

[No. 51, September Term, 1961.]

*Decided December 5, 1961.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY AND SYBERT, JJ.

*David Macdonald* for appellants.

*John M. McInerney,* with whom were *McInerney & Latham* and *Richard B. Latham* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This case involves an appeal by the appellants, husband and wife, plaintiffs below, from a judgment in favor of the appellee for costs in a case arising out of a rear-end collision between two automobiles, one being operated by the appellant wife, and the other by the appellee. It was tried before a jury, Judge Kathryn J. Lawlor Shook presiding. In seeking reversal the appellants present two questions: (1) Did rulings of the court on the admissibility and nonadmissibility of evidence confuse the jury and prejudice appellants' case; and (2) was there sufficient evidence to warrant instructions on contributory negligence?

The accident occurred on November 19, 1957, at approximately 9:15 a. m., on Georgia Avenue, at its intersection with Lucerne Avenue, in Silver Spring. At this point Georgia Avenue has three lanes of traffic in each direction, divided by a center island. This thoroughfare is a main artery leading into Washington, D. C., and the southbound traffic on the morning in question was heavy, as it is every weekday morning.

For the purposes of this opinion we will first consider the second question presented: "Was there sufficient evidence to warrant instructions on contributory negligence?"

In this case there was no agreement on any important feature of the accident except the location of the same, and the minimal damages sustained by both cars. There was conflicting testimony on every aspect of the accident. The jury could have found that Mrs. Cobourn traveled lawfully on Georgia Avenue to the intersection of Lucerne Avenue, gave a left turn signal over the proper distance, came to a stop, was stopped an appreciable time, was hit by the automobile operated by the appellee in the rear, that the appellee immediately got out of his automobile and volunteered to the appellant that he was sorry, that he didn't know what happened, that he didn't see her car, that he was in a hurry, that he had an

important meeting of some kind and was late, that it was his fault and that he said: "Let's not tie up traffic any more, just let's get the cars out of the street." On the other hand, the jury could have found that the appellee was traveling lawfully to the rear of the appellants' automobile, that Mrs. Cobourn had contemplated a turn to the left over a long distance, that she gave no turning signal, that the traffic was heavy, that the appellee was confined to the lane in which they were both traveling, that the morning was wet, that the surface of the street was wet and covered with leaves, that without warning the appellant abruptly stopped, that the appellee in the exercise of due caution immediately applied his brakes but was unable to stop in time, that if he had had two or three more feet between the cars there would have been no impact whatever, that he told the appellant: "Perhaps your turning signals don't work," that she thereupon reached up and turned the turning signal on, that this occurred immediately after the impact, that he never did say he didn't see her, that he never did say he didn't know what happened, that he never did say he was in a hurry, that he never did say, "Let's not tie up traffic any more, just let's get the cars out of the street."

It is obvious that reasonable minds could differ as to the events which took place in the instant case. The lower court properly submitted the questions of primary and contributory negligence to the jury, with instructions in which we find no error.

The lower court would have been remiss to fail to include in its instructions an instruction as to contributory negligence. *Leizear v. Butler,* 226 Md. 171, 172 A. 2d 518. This principle, as it relates to two cars proceeding in the same direction, is clearly established in the cases relied upon by the appellant. In the case of *Baltimore Transit Co. v. Prinz,* 215 Md. 398, 403, 404, 137 A. 2d 700, this Court said:

> "We have held that in situations of this nature just how much warning the driver of the front car must give of his intention to slow up, and what precautions the driver of the rear car must take to avoid colliding with a car which slows in front of him, can-

not be formulated into a precise rule, but depend upon the facts and circumstances of each case, and the questions of negligence and due care are generally left to the jury to decide. * * * We conclude that the question of how much warning Mrs. Prinz was required to give of her intention to decelerate her speed, and what precautions the driver of the bus should have taken to have avoided colliding with the car operated by her, were properly submitted to the jury."

See also *Brehm v. Lorenz,* 206 Md. 500, 112 A. 2d 475.

In the case of *Palmer Ford, Inc. v. Rom,* 216 Md. 165, 139 A. 2d 697, we said: "The conflict of testimony as to whether a timely signal was given, as required by Code (1957), Art. 66½, sec. 228, presented an issue for the jury to resolve." To like effect are the rulings in *Suman v. Hoffman,* 221 Md. 302, 157 A. 2d 276; *Todd v. Ferrell,* 212 Md. 574, 130 A. 2d 581; *Martin v. Rossignol,* 226 Md. 363, 174 A. 2d 149.

Since we have concluded that the trial court was correct in submitting the questions of primary and contributory negligence to the jury and the jury found for the defendant, it becomes unnecessary for us to pass upon the trial judge's rulings upon the evidence relating to the plaintiff's injuries.

*Judgment affirmed, with costs.*