WELSH *v.* PORTER, CROWE ET AL.

[No. 310, September Term, 1962.]

*Decided May 15, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Robert J. Thieblot* and *Samuel S. Smalkin,* with whom were *Rollins, Smalkin, Weston & Andrew; Norman V. Waltjen, Ginsberg & Ginsberg* and *Hyman Ginsberg* on the brief, for appellant.

*Douglas R. Due,* with whom were *Paul F. Due, Wilbur D. Preston,* and *Due, Nickerson, Whiteford & Taylor* on the brief, for Sylvester Porter, one of appellees.

*Benjamin A. Earnshaw,* with whom were *Carmody, Earnshaw & Hardwick* on the brief, for Barbara Crowe, Deanna Smith, Eugene Smith and Adeline Beverly, other appellees.

HENDERSON, J., delivered the opinion of the Court.

This case arises out of an automobile accident at the intersection of Aisquith and Preston Streets in Baltimore City. The appellant, Mrs. Welsh, was driving south on Aisquith, the appellee, Mr. Porter, west on Preston. Both are one-way streets. Traffic was controlled by an automatic signal light, with a cycle of red to green, and green to amber to red. There were five passengers in the Welsh car, none in the Porter car. Suits and cross suits were filed by all the participants. The jury answered issues finding Porter and Russell, a passenger in the Welsh car, free from negligence, but finding Mrs. Welsh guilty of negligence.

The collision occurred at about 7:20 A.M. on a rainy morning of October 23rd, 1959. Mrs. Welsh's testimony that she had the green light in her favor about two or three car lengths from the intersection was corroborated by Mrs. Smith, Mrs. Crowe and Miss Beverly, passengers in her car. Another passenger Mrs. Russell, however, testified she did not see the light, but heard her husband exclaim "right through a red light." Mr. Russell testified that he observed that "we were going through a red light" about sixty to seventy-five feet away and that the light continued to be red until he made the remark about it. There was also testimony, to which all of the occupants agreed, that just before reaching the intersection Mrs. Welsh turned her head to ask one of the occupants to close a win-

dow. Mr. Porter testified that the light was green for him as he approached Aisquith Street, and this was corroborated by a pedestrian who witnessed the accident. The officer who investigated the accident testified that he placed the point of impact, from statements of the parties, at ten feet south of the north curb and twenty-four feet west of the east curb. The Porter car struck the Welsh car at about the left front door. Each car was travelling at about twenty-five miles per hour, although there was some testimony that the Porter car was moving faster.

The appellant did not press in argument the contention made in her brief, that Porter was guilty of negligence as a matter of law. She could not prevail in any event. There were no objections to the charge, and there was no testimony as to a change in the light while either car was in the intersection, so that the case of *Valench v. Belle Isle Cab Co.*, 196 Md. 118, relied on, is distinguishable. Of course, there was evidence, if believed, that Porter had the green light, and if that was the fact his failure to see the other car until just prior to the collision was immaterial. Cf. *Eastern Contractors v. State*, 225 Md. 112 and cases cited.

The chief contention of the appellant is that the appellees, Mrs. Smith, Mrs. Crowe and Miss Beverly cannot prevail because by their own testimony they exonerated her from any negligence. No authorities are cited in the brief, but reliance seems to be placed on a reference to the doctrine, there found inapplicable, in *Eastern Shore P. S. C. v. Corbett*, 227 Md. 411, 418 citing the cases collected in 169 A.L.R. 798. See also *Surry Lumber Co. v. Zissett*, 150 Md. 494, 510, *Alamo v. Del Rosario*, 98 F. 2d 328 (D. C.) and McCormick, *Evidence*, § 243. If we assume, without deciding, that a party under some circumstances may be bound by the judicial admission of a fact within his knowledge, we think it has no application in the instant case. We note that the cases were consolidated upon petition of Mrs. Welsh, and there was no objection to the order of proof. Nor does the record show that any prayers for directed verdicts were made until the close of the entire case, if indeed they could properly have been made sooner in fairness to the rights of the co-defendant, Porter. Cf. *Stem v. Nello L.*

*Teer,* 213 Md. 132, 144 and *Keitz v. National Paving Co.,* 214 Md. 479, 502. Thus the question of the sufficiency of the evidence must be judged as of the close of all the testimony, and the court did not err in ruling that the evidence at that time was sufficient to hold either of the two drivers, dependent upon which version the jury believed. Cf. *West v. Belle Isle Cab Co.,* 203 Md. 244, 255.

*Judgments affirmed, with costs.*