PER CURIAM.
The appellant was the defendant-driver in an action for personal injury resulting from an accident in which the defendant admittedly ran through a stop sign. The jury returned a verdict for the plaintiffs and final judgment was entered thereonv This appeal followed.
Appellant has presented seven points on appeal. The first three are directed to rulings of the trial judge in the conduct of the trial. It is sufficient for us to say that we' have examined the record and that we do not feel that any one of the rulings constitute reversible error. A consideration of all of the rulings complained of does not convince us that the accumulative effect was such as to deprive the defendant of a fair trial.
Defendant makes his main thrust upon his contention that he was entitled to a directed verdict upon the holding in Blanford v. Nourse, Fla.App.1960, 120 So.2d 830. In that case we upheld a directed verdict for a defendant-driver where the record established the undisputed fact that the defendant had no advance knowledge of a defect in the mechanism of the vehicle. It conclusively appeared that the defendant was not guilty of negligence and that the accident occurred because of the defective mechanical condition of the car. That case is readily distinguished from the present one where there was extensive evidence of negligence and a defense of mechanical failure upon conflicting evidence. Because the evidence and the reasonable conclusion to be drawn from the evidence were in conflict, a directed verdict would have been improper in the instant case. Further, it appears without dispute that the defendant-driver had been using the automobile involved over an extended period of time. Therefore, the jury could have found that the defendant-driver had notice of the allegedly defective brakes.
Appellant’s last point is directed to an instruction which he requested and which *780 the court refused to give. This instruction was drawn in part from Blanford v. Nourse, Fla.App.1960, 120 So.2d 830, which is discussed above. We have examined the instruction and find that the «court properly refused the same because it did not correctly state the law applicable to the facts in this case.
Affirmed.