## FERGUSON, Adm'x. OF THE ESTATE OF BAILEY *v.* WOOTTEN

[No. 435, September Term, 1964.]

*Decided October 14, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, OPPENHEIMER and BARNES, JJ.

*John B. Robins,* with whom was *Stanley G. Robins* on the brief, for appellant.

*Victor H. Laws* for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

Appellant, administratrix of the estate of Leon A. Bailey, appeals from a judgment entered by the Circuit Court of Wicomico County against her and in favor of appellee, Margaret V. Wootten. Appellee's cause of action arose out of a collision between a tractor-trailer truck owned by Wallace S. Cooper and driven by Gordon E. Pepper and a passenger automobile driven by appellant's decedent, Leon A. Bailey (Bailey) in which appellee was a passenger. Bailey died as a result of the collision; appellee suffered serious injuries. Appellee brought this action against appellant, Cooper, Pepper and the automobile dealer which apparently had sold the automobile to Bailey. Prior to trial, a summary judgment was entered in favor of the dealer.

At the conclusion of appellee's evidence, the trial court denied the motions of appellant and her co-defendants for directed verdicts; similar motions were denied at the conclusion of all of the testimony. The jury's verdict was in favor of the appellee and against the appellant, but absolved Cooper and Pep-

per. The appellant first contends that appellee failed to meet her burden of proof or, in the alternative, that she proved too much. The appellant's second contention is that the appellee was contributorily negligent as a matter of law.

The undisputed facts disclosed at the trial are as follows: On the afternoon of October 2, 1963, the tractor-trailer truck, with Pepper driving, struck the left side of the automobile driven by Bailey in which appellee was a front seat passenger. The collision occurred at the intersection of Truitt Street and U. S. Route 50 in Salisbury. Truitt, a two-way street, runs north and south; U. S. Route 50 runs east and west. This intersection is controlled by automatic signals. The signals are actuated for Truitt Street by treadles approximately 20 feet from the intersection. If the signals are green or amber for U. S. Route 50, the Truitt Street signals are red.

On the day of the collision, Bailey drove the appellee to the court house in Salisbury to pick up their marriage license in anticipation of being married the next day. After obtaining the license, with Bailey still driving, they proceeded up Main Street to Truitt Street. They turned left onto Truitt Street and drove north a short distance to the intersection of Truitt Street and U. S. Route 50 where their automobile was struck by the tractor-trailer truck.

There is direct conflict in the testimony as to which vehicle had the green light. Appellee testified that the automobile in which she was a passenger had the green light and that she said to Bailey, "Hon., you have a green light." However, Mrs. Nock, a witness called by the appellee, testified that just before the collision she was driving south on Truitt Street toward U. S. Route 50, that when she was opposite the third house north of U. S. Route 50 the signal facing southbound traffic on Truitt Street at U. S. Route 50 turned to amber, and that when she arrived at the intersection the signal had turned to red. She said that she saw an automobile, later identified as the Bailey vehicle, with a man driving and a lady sitting beside him coming across the intersection and that the driver "never looked neither way." On cross-examination she stated that before the Bailey automobile arrived at the intersection the signal was red for Truitt Street traffic and that the truck had the green light.

Appellant's co-defendants also offered testimony as to which vehicle had the green light. Defendant Pepper testified that the signal facing U. S. Route 50 at Truitt Street was red as he approached the intersection, but when he was about one-half of a block away it turned green for him. Mrs. Cox testified that she was following the tractor-trailer truck east on U. S. Route 50 as it approached the intersection of Truitt Street, that the light was green in favor of the tractor-trailer truck, and that she saw the Bailey automobile "coming out" without stopping.

The appellant contends that a verdict should have been directed in her favor at the conclusion of all the evidence because the appellee herself testified that Bailey was free from negligence in that he had a green light when he entered the intersection, and later offered evidence which contradicted her own testimony, when the appellee's witness, Mrs. Nock, testified that Bailey entered the intersection when the light was red for him. The appellant argues that because of this conflict in the testimony offered by the appellee, the jury should not have been allowed to speculate on which version was correct. The appellant relies upon *Langville v. Glen Burnie Lines,* 233 Md. 181, 195 A. 2d 717 (1963).

In *Langville,* the testimony, all offered by the plaintiffs, was that the accident was caused either by the negligence of the driver of the defendant's bus or by a sudden and unexpected brake failure which a reasonable inspection or test of the brakes would not have revealed. We held that the lower court was correct in granting a motion for a directed verdict in favor of the defendant. The case, we found, was governed by the rule that the burden upon the plaintiff to prove affirmatively the defendant's negligence and that it was a proximate cause of the injuries is not met by proof adduced by the plaintiff that defendant's negligence may have caused the injuries, or even that it probably did cause them, if it also appears that the injuries may have resulted from some other cause for which the defendant is not responsible. There was no direct testimony in *Langville* that the defendant's negligence, rather than the brake failure, was a proximate cause of the accident. Here, the situation is different. There was direct contradictory testimony that Bailey was negligent and that he was not. As was indicated in

*Baltimore Transit Co. v. Presberry,* 233 Md. 303, 308, 196 A. 2d 717 (1964), the evidence in *Langville* permitted several equally probable inferences. Here, neither the appellee's testimony nor that of her witness, Mrs. Nock, rested on inference. There was a sharp conflict in their testimony as to whether Bailey entered on the red or the green light. This was a question of fact, not of inference, and as such was properly left to the determination of the jury. In *Langville,* the question was not which testimony was correct, but whether, on all the testimony offered by the plaintiffs, the cause of the accident was the negligence of the defendant's driver or the exculpatory failure of the brakes. The testimony left the cause of the accident a matter of conjecture, not, as here, an issue of fact. No one, in *Langville,* testified that the defendant's driver was negligent and that his negligence was the proximate cause of the injuries. In this case, the appellee, in effect, testified that Bailey was not negligent but another of her witnesses testified that he was. The issue left to the jury was not a speculative choice between the possibilities inherent in the only testimony offered but a determination of the truth in direct, unspeculative testimony of witnesses who differed as to what had happened.

In ruling on a motion for a directed verdict on behalf of a defendant, the court must assume the truth of all the evidence tending to sustain the suit, *Simco Sales v. Schweigman,* 237 Md. 180, 187, 205 A. 2d 245 (1964), even though such evidence may be contradicted in every particular by opposing evidence. *Rea Construction Co. v. Robey,* 204 Md. 94, 97, 102 A. 2d 745 (1954) and cases therein cited.

*Welsh v. Porter,* 231 Md. 483, 190 A. 2d 781 (1963) is closely in point to the present case. There, as in this case, the issue was which car had the green light at an intersection. The plaintiffs were passengers in the car driven by Mrs. Welsh. Three of the plaintiffs, in their testimony, exonerated Mrs. Welsh from any negligence. This testimony was contradicted by Porter, the driver of the other car, and another witness. The jury answered issues, finding Porter free from negligence but finding Mrs. Welsh guilty of negligence. Mrs. Welsh contended that the three plaintiffs could not prevail because of their testimony that she was not negligent. We held that the

lower court did not err in ruling, at the close of all the testimony, that the evidence was sufficient to hold either of the two drivers, dependent upon which version the jury believed. See also *Surry Lumber Co. v. Zissett,* 150 Md. 494, 509-10, 133 Atl. 458 (1926).

After the conclusion of the appellee's evidence, appellant's co-defendants produced witnesses who corroborated Mrs. Nock's testimony that Bailey had entered the intersection when the light was red as to him. It is only the ruling on the appellant's motion for a directed verdict at the conclusion of all the evidence which she presses on appeal; it is at least doubtful if, in any case, in fairness to the co-defendants Pepper and Cooper, a verdict could have been directed in favor of the appellant before the co-defendants had the opportunity to present their evidence. See *Welsh v. Porter, supra; Stem v. Nello L. Teer Company,* 213 Md. 132, 141, 130 A. 2d 769 (1957) and cases therein cited. The judge below properly denied the motion because of the conflict between the testimony of the appellee and that of other eyewitnesses of the accident. He instructed the jury that, in determining whether any proposition had been proved, they should consider all of the evidence bearing on the question, without regard to which party produced it. This was a correct statement of the law.

The appellant, in oral argument, invoked the doctrine of judicial admission to support her contention that a verdict should have been directed in her favor. That doctrine has been considered by this Court, but has not been adopted. See *Eastern Shore P. S. Co. v. Corbett,* 227 Md. 411, 418-19, 177 A. 2d 701 (1962) and authorities therein cited. In that case, Judge Prescott, for the Court, said:

> "A few States have held that a party to a suit is bound by a definite statement of fact within his knowledge, objective or subjective, as against not only his own conflicting testimony, but that of his own witnesses, that of the other party's witnesses, and that of the other party, attempting to rationalize this strict rule by relating it to the doctrine of judicial admissions or admissions of counsel. The cases are collected

in an annotation in 169 A.L.R., beginning at page 815. But the same annotation, at page 804, states the older practice and the prevailing rule is, that, where the self-injuring testimony of a party falls short of a quasi-judicial admission and is contradicted by other evidence, it is to be treated by the court as merely that of a witness, to be considered as evidence by the trier of facts in arriving at a conclusion on the whole case. And this is particularly true where the testimony of a party relates, not to a fact peculiarly within his knowledge and as to which he could not be mistaken, but is in the nature of an estimate or opinion as to which he may be honestly mistaken; he does not unequivocally concede that the fact is in accord with the opinion expressed, and there is no injustice in permitting the court to consider the other evidence in the case, and determine from all the evidence what the actual facts are. *Ibid,* p. 803. Cf. 9 Wigmore, *Evidence,* § 2594 a (3rd Ed.)." 227 Md. at 418-19.

In *Welsh v. Porter, supra,* Judge Henderson, for the Court, said: "If we assume, without deciding, that a party under some circumstances may be bound by the judicial admission of a fact within his knowledge, we think it has no application in the instant case." 231 Md. 483, 485. That is true here. The testimony of the appellee did not relate to a fact peculiarly within her knowledge and as to which she could not be mistaken; it was properly treated by the court as merely that of a witness, contradicted by the testimony of other witnesses.

The second contention of the appellant is that if Bailey was primarily negligent, the appellee was guilty of contributory negligence as a matter of law in wrongfully advising Bailey that the light was green immediately prior to his entering the intersection. However, to prevail in her motion for a directed verdict on this ground, the appellant had the burden of showing as a matter of law not only that the appellee was negligent but also that her negligence was a contributory or proximate cause of the collision. *Grue et al. v. Collins,* 237 Md. 150, 160, 205 A. 2d 260 (1964) and cases therein cited.

The appellee testified that, as she and Bailey were looking at the light, waiting for it to turn, she said, " 'Hon., you have a green light', and he said, 'I know', and by that time he was moving." She testified further that there was no time lag between the time the light changed green in Bailey's favor and the time he began to move forward into the intersection, and that she had in no way controlled his driving on their tragic trip. On the testimony, the question of whether or not any negligence of the appellee was a direct cause of the accident was a question for the jury.

The appellant cites *State v. Brandau,* 176 Md. 584, 6 A. 2d 233 (1939) to support her argument on this issue. That case was a suit under Lord Campbell's act. The appellant's decedent was a passenger in a car operated by the appellee. Her testimony was that, as the car approached a curve at a speed of forty-five miles an hour, the decedent, holding a bottle, asked the appellee how to get it open, and that the appellee turned his head to look at the bottle. We affirmed the ruling of the lower court that the decedent had been guilty of contributory negligence as a matter of law. In that case, the testimony showed that the negligence of the decedent was a direct, operative force in causing the accident; he had distracted the attention of the appellee-driver. In this case, the jury could well have found that, even though the appellant had been negligent in telling Bailey the light was green, he himself thought it was and moved into the intersection regardless of the appellant's remark, if he was not already moving before she spoke. Judge Taylor correctly left the issue to the jury under instructions that, even though they found the defendants were guilty of negligence, if they also found that the accident was "directly caused partly by the negligence of the plaintiff," their verdict must be for the defendants. Cases in which courts may declare, as a matter of law, whether an act was the proximate cause of the injury are limited to those in which but one inference can be drawn from the facts. *Grue et al. v. Collins, supra.* Like *Grue,* the evidence offered here presented more than one inference.

The motion for a directed verdict in the appellant's favor was properly denied.

*Judgment affirmed; costs to be paid by the appellant.*