MARYLAND CHEMICAL COMPANY, INC.,
ET AL. *v.* MONN, ET AL.

[No. 94, September Term, 1965.]

*Decided January 5, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

*Richard C. Whiteford*, with whom were *Due, Whiteford, Taylor & Preston* on the brief, for appellants.

*Joseph A. Matera*, with whom was *Jacob Matz* on the brief, for *Albert S. Thompson, Jr.*, part of appellees; and by *F. Gray Goudy*, with whom was *Herbert Burgunder, Jr.*, on the brief, for Wade A. Monn, Jr., another appellee. No brief and no appearance for Gibson Coyle, other appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

Wade A. Monn, Jr. (Monn), one of the appellees, was driving his automobile west on Eastern Avenue, a four lane dual highway, in the fast lane of traffic; Luther Redd (Redd) was driving a truck of the Maryland Chemical Company (Maryland) in the slow lane; Monn was overtaking the truck and intended to pass it, when, he contends, Redd started to change lanes. Monn applied his brakes, his car skidded across the concrete divider and collided with a car driven by the appellee, Albert S. Thompson, Jr., who was going east in the fast lane of traffic on the other side of the divider. Thompson and Gibson Coyle, a passenger in the Monn car, were injured and brought separate suits in the Circuit Court for Baltimore County against Monn, Redd and Maryland. The cases were consolidated for trial and were tried before the late Judge Lindsay and a jury. The jury returned verdicts against Redd and Maryland in favor of Thompson and Coyle and in favor of Monn. Redd and Maryland filed a motion for a new trial but Judge Lindsay died before the motion could be heard. It was heard by Judge Men-

chine, who denied it. This appeal by Redd and Maryland followed.

At the trial, Redd testified that he was considering changing lanes and getting ready to do so by turning his wheels but that he did not actually leave the slow lane of traffic. Coyle, Monn and David Evans, an eye-witness, all testified that Redd moved his truck from the slow lane into the fast lane, cutting off Monn's car. There was no physical contact between the Monn and Redd vehicles. Judge Lindsay instructed the jury at the close of the case that they could find a verdict against either Redd and Maryland or against Monn, accepting either Monn's theory of the accident, that he was forced across the center of the road by Redd's truck, or, accepting what he characterized as Redd's theory, that he had not changed lanes and that Monn's vehicle jumped the center divider for no apparent reason. The court specifically instructed the jury that if they found that Redd had changed lanes, the matter of speed on the part of Monn was not material. The Judge denied the appellants' requested instructions to the effect that if both Redd and Monn were guilty of negligence and that the negligence of each contributed to the accident, a verdict against both should be brought in. Judge Lindsay also specifically rejected an instruction that evidence of speed on Monn's part could be considered as evidence of negligence. Judge Lindsay instructed counsel for the appellants that he could not argue the theory of concurrent negligence to the jury.

The appellants contend that Judge Lindsay's instruction to the jury, to the effect that speed on the part of the driver, Monn, was immaterial, was erroneous, and that the judge erred in denying the appellants' requested instruction that evidence of speed on Monn's part could be considered as evidence of negligence.

In his memorandum giving his reasons for denying the motion for a new trial, Judge Menchine said:

"I conclude that the Charge was correct. It is clear in principle that joint and concurring negligent acts of multiple defendants requires a verdict against all defendants whose act is a probable cause of the result complained of. This does not mean that joint verdicts

are permissible in every action instituted against multiple defendants.

"The Jury was very plainly and positively told that they could not render a verdict against Maryland if they found that he remained at all times in the right hand lane (as Maryland's driver testified he did). The Jury's verdict against Maryland constituted a finding of fact that Maryland did move from the right to the left hand lane and was a complete rejection of that Defendant's affirmative position. A negligent defendant cannot be permitted to suggest the liability of a co-defendant by the expedient of requesting the rejection of its own version of an event."

It is true, as the appellants contend, that, generally, excessive speed can be considered by the jury as evidence of negligence, if it directly contributed to the accident. *Miller v. Graff,* 196 Md. 609, 618, 78 A. 2d 220 (1951) and cases therein cited. It is also generally true that the jury is free to believe only a portion of the testimony of each side. *Ferguson v. Wootten,* 240 Md. 186, 213 A. 2d 498 (1965) ; *Welsh v. Porter,* 231 Md. 483, 190 A. 2d 781 (1963). However, these general principles, in themselves, are not determinative of this case.

The appellees contend that, even though Monn had been speeding, the evidence is insufficient to ·support a finding that such speed was a proximate cause of the accident. They argue that, in order for there to have been concurrent negligence in this case, there would have to be evidence that Redd started to change lanes at a time when Monn was sufficiently distant so that in the exercise of due care, Monn could have avoided the accident, and that there was no such evidence.

We do not reach the question of the legal effect, if any, of excess speed of the overtaking car when the car overtaken changes lanes without using due care, nor the correlative question, if Monn had been speeding, whether such speed could have been found to have been a proximate cause of the accident. We find that, in any case, there was insufficient evidence that Monn was driving at an excessive speed for the submission of that issue to the jury.

The posted speed limit in the area of Eastern Avenue involved was thirty-five miles an hour. Monn testified that when he first observed the truck Redd was driving he, Monn, was moving at about thirty-five miles an hour, and that when he applied his brakes, as the truck was changing lanes, he was deaccelerating from thirty-five miles an hour. Coyle, the passenger in Monn's car, who was sitting in the front seat, testified that as Monn approached the truck, he was driving at approximately thirty miles an hour.

The only statement that Monn was exceeding the speed limit as he approached the truck is contained in Redd's testimony. Redd stated there were two rear view mirrors on his truck and that when he was about to change lanes, he saw the vehicle he later said was Monn's "coming pretty fast." When asked as to the speed at which he, Redd, was traveling just prior to the accident, he said he was going about thirty miles an hour, but later he testified that, for about ten minutes before the accident, he had been following an automobile in the slow lane which looked as though it was going to park, which was only moving at about five miles an hour. Later, he said that when he saw the Monn car it was about five hundred feet to the rear and that Monn was "coming fast * * * I'd say he was approximately doing anywhere from thirty-five to forty-five miles an hour, but he was coming." Still later, Redd was asked on re-cross-examination whether he could judge the speed of vehicles by looking in his rear view mirror, and answered "I don't know." He elaborated his answer by saying he, Redd, was doing about thirty miles an hour. "If I was doing thirty miles an hour, and a guy was coming rapid speed up on me, he had to be doing approximately thirty, thirty-five or forty-five miles an hour, and I say about forty-five miles an hour."

There are basic conflicts in Redd's testimony which drain it of all probative value. His various estimates of Monn's speed ranged from a high of forty-five miles to thirty-five miles an hour; the latter is the speed permitted. Moreover, he based his estimate upon the comparative speed of the two cars when Monn overtook him. When Redd gave his highest estimate of Monn's speed, Redd estimated his own speed at thirty miles an hour, but he had formerly testified that, for about ten minutes before

the accident, he had been following another car in the same lane which was only going at about five miles an hour. If Redd was only traveling at about five miles an hour when he observed the Monn car behind him, the basis upon which Redd predicated his estimate of Monn's speed is vitiated. An estimate resting upon such an obvious contradiction in the witness's own testimony cannot be considered as probative evidence.

We are mindful of the fundamental rule that the issue as to the existence of negligence of any party to an action should ordinarily be left for determination by the jury, and that the trial court should rule as a matter of law that there is no probative evidence of negligence only when the circumstances are such that reasonable minds could not reach differing conclusions on the issue. *Bavis v. Fonte,* 241 Md. 123, 215 A. 2d 739 (1966). *Sanner v. Guard,* 236 Md. 271, 274, 203 A. 2d 885 (1964) and cases therein cited. Here, however, the applicable rule is that when a witness's testimony on a particular issue is too uncertain and contradictory to furnish a rational basis for a finding of fact based upon it, it is unworthy of consideration. *Todd v. Ferrell,* 212 Md. 574, 581, 130 A. 2d 581 (1957) and cases therein cited.

On the testimony, Judge Lindsay was correct in charging the jury that, if they believed Redd's truck cut across from the slow lane to the fast lane in front of Monn's oncoming car, they should disregard any evidence of Monn's speed. There was no evidence which could have supported a finding by the jury that Monn was driving at any excessive speed. For the same reason, the Judge properly refused to grant the appellant's requested instructions as to the legal effect of speed greater than the posted limit.

*Judgments affirmed; costs to be paid
by appellants.*