## KLINE v. KANE AND THE ART LITHO COMPANY, INC.

[No. 166, September Term, 1966.]

*Decided March 10, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and FINAN, JJ.

*Henry J. Frankel* for appellant.

*James M. Gabler,* with whom were *Barbara Ann Spicer* and *Smith, Somerville & Case* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This is a motor tort action in which the plaintiff-appellant, Francis Kline, claimed that he sustained personal injuries and property damage when the automobile which he owned and was operating at the time was struck from behind by a panel truck owned by the defendant, The Art Litho Company, Inc., and operated by Art Litho's employee, Robert F. Kane, also a defendant. The case was tried before a jury in the Superior Court of Baltimore City, Judge Grady presiding. The jury returned a verdict in favor of the defendants. From the judgment on the verdict, plaintiff has appealed, alleging that the court erred in refusing to instruct the jury that there was no contributory negligence on the part of the plaintiff and in instructing the

jury that there was no evidence of permanent injury to the plaintiff.

The accident occurred in Baltimore City, on Hanover Street, south of West Street, on April 25, 1962, at about 5:30 p.m. The weather was clear and dry, and it was daylight. Immediately prior to the accident, both vehicles were traveling south on Hanover Street in the center lane of the three southbound lanes. There was traffic moving in all three southbound lanes at the time of the accident.

Kline testified at the trial that as he proceeded south on Hanover Street, a traffic light two blocks south of West Street changed to red. When traffic in front of him came to a stop, Kline stopped south of West Street below the building line. The closest car in front of him was about four or five feet away. After he had been standing for some period of time, he heard the squealing of brakes. He looked in the rear view mirror and saw the panel truck in the middle of the intersection, coming through it at a fast rate of speed. Kline then looked straight ahead, and his car was struck in the rear by the panel truck. The impact of the accident drove Kline's automobile four or five feet forward even though Kline had his brakes on.

Kane testified that immediately prior to the accident he was traveling south on Hanover Street in the center lane. At some point north of West Street, traffic picked up speed and was moving at about twenty miles per hour. A car traveling in the right southbound lane pulled from that lane into the center lane at a distance of about twenty to twenty-five feet in front of the plaintiff's car. Instead of continuing at the speed of the traffic in front of him or decelerating slowly to accommodate the car which had entered his lane, Kline, suddenly and without warning or apparent reason, came to a complete stop. Kane immediately applied his brakes, but could not come to a complete stop before bumping the rear of the plaintiff's car. Kane did not anticipate the complete and sudden stop of the plaintiff, because it was apparent to him that the plaintiff had sufficient room to continue moving with the traffic. Kane was about even with the south curb of Hanover Street when Kline made his sudden and unexpected stop. Kane stated that Kline had a lot of time to bring his car to a stop without applying the brakes

the way he did. Kane described the impact as "very light" and testified that at the time of impact his speed was no more than one mile per hour. He stated that there was no damage to the plaintiff's car as a result of the accident, except for a little dent in the bumper.

The accident was investigated by a Baltimore City police officer. Since the officer was on vacation at the time of the trial, counsel for both parties stipulated to his testimony. His investigation revealed that the accident occurred in the 1200 block of Hanover Street, fifteen feet south of West Street; that the condition of both operators was apparently normal; that there were no defects in either vehicle, but there was damage to the rear of Kline's automobile and to the front of the panel truck; and that there was no traffic control present. From information obtained from both operators, the officer gave the following description as to how the accident occurred: "No. 1 car [Kline] stopped when a car in front of him stopped fast and No. 2 [Kane] struck him in the rear."

It is obvious from the facts above that reasonable minds could differ as to the events which took place. Kline testified that he had been stopped for some time before Kane struck him. Kane testified that Kline was moving with the flow of traffic when he suddenly and without signaling stopped, having had no apparent reason for doing so. Plaintiff has attempted in his brief to discredit the testimony of Kane by alleging that it was so contradictory and inconsistent as to render it of no probative force. See *Olney v. Carmichael*, 202 Md. 226, 96 A. 2d 37; *Eisenhower v. Balto. Transit Co.*, 190 Md. 528, 59 A. 2d 313. A review of the record indicates that the testimony was not so contradictory as to deprive it of any probative force. *Bricker v. Graceffo*, 236 Md. 558, 561-63, 204 A. 2d 512; *Baker v. Commissioner*, 228 Md. 454, 459-61, 180 A. 2d 482.

Because the evidence as to what happened was in dispute and more than one inference could be drawn from it, the lower court properly submitted the questions of primary and contributory negligence to the jury; and the court would have been remiss to fail to include in the instructions an instruction as to contributory negligence. *Cobourn v. Morrison*, 227 Md. 96, 175 A. 2d 589; *Leizear v. Butler*, 226 Md. 171, 172 A. 2d 518. As

was stated in *Baltimore Transit Co. v. Prinz*, 215 Md. 398, 403-04, 137 A. 2d 700:

> "We have held that in situations of this nature just how much warning the driver of the front car must give of his intention to slow up, and what precautions the driver of the rear car must take to avoid colliding with a car which slows in front of him, cannot be formulated into a precise rule, but depend upon the facts and circumstances of each case, and the question of negligence and due care are generally left to the jury to decide."

See also *Bernardi v. Roedel*, 225 Md. 17, 168 A. 2d 886; *Brehm v. Lorenz*, 206 Md. 500, 112 A. 2d 475.

Since we have concluded that the trial court was correct in submitting the questions of primary and contributory negligence to the jury and the jury found for the defendants, it becomes unnecessary for us to consider the trial judge's ruling upon the evidence relating to the plaintiff's injuries. *Cobourn v. Morrison, supra.*

*Judgment affirmed, with costs.*