MINTZER, ET AL. *v.* MILLER

[No. 159, September Term, 1967.]

*Decided April 10, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, BARNES, FINAN and SINGLEY, JJ.

*Solomon L. Margolis,* with whom were *Stanley H. Kamerow* and *Allan L. Kamerow* on the brief, for appellants.

*James S. McAuliffe, Jr.,* with whom were *Heeney, McAuliffe & McAuliffe* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

The appellants, Dr. Martin L. Mintzer and his wife, Eleanor, as plaintiffs below sued the appellee, George Washington Miller, Jr., defendant below, in the Circuit Court for Montgomery County to recover damages resulting from a rear-end collision of the defendant's automobile with that of the plaintiff. The Circuit Court (Shearin, J.) directed a verdict for the defendant at the end of the plaintiffs' case and from the judgment entered upon that verdict the plaintiffs have appealed to this Court.

In considering the evidence in this posture of the case, we must view the evidence and all reasonable inferences to be drawn from the evidence in a light most favorable to the plaintiffs. *Langville v. Glen Burnie Lines,* 233 Md. 181, 183, 195 A. 2d 717, 718 (1963). Applying this rule the record discloses the following facts.

Dr. Mintzer was driving his automobile, with his wife Eleanor as a passenger, in a southerly direction on Viers Mill Road on August 29, 1962. At approximately 12:30 p.m. he brought his automobile to a stop in the curb lane approximately eight feet behind an automobile which had stopped for the red light at the intersection of Viers Mill Road and Connecticut Avenue in Montgomery County. Viers Mill Road at this intersection runs north and south and for southbound traffic there are two driving lanes and one left-hand turn lane for traffic turning into Connecticut Avenue. There is a soft shoulder to the right of the right-hand southbound lane approximately 20 feet in width. When Dr. Mintzer stopped his vehicle in the right-hand or curb lane, there were no vehicles to his immediate right on the soft shoulder of the road. There were no automobiles in the lane to his left or in the left turn lane. At this point Dr. Mintzer's automobile was struck with substantial force from the rear by the automobile owned and driven by the defendant Miller, and was

driven by this force across the lane to Dr. Mintzer's left, across the left-hand turn lane and into the road-dividing strip of concrete. The collision caused extensive damage to the rear deck and trunk of Dr. Mintzer's automobile, leaving the vehicle inoperable at the scene of the collision. Mrs. Mintzer sustained personal injuries.

Both Dr. Mintzer and his wife testified at the trial. During Dr. Mintzer's cross-examination it was developed that just before the impact Dr. Mintzer "heard screeching of brakes" which "seemed to be just an instant before we were hit or possibly a split second." Dr. Mintzer further testified that he had a very brief conversation with the defendant at the scene of the accident and that the defendant said "he was sorry, that his brakes gave way." Mrs. Eleanor Mintzer testified on cross-examination that the defendant told the policeman "over and over again, 'My brakes went out. My brakes went out.' "

The trial judge was of the opinion that the directed verdict for the defendant was required by our decision in *Langville v. Glen Burnie Lines, supra,* but we are of the opinion that the present case is distinguishable from the *Langville* case. In *Langville* there was a rear-end collision, but the plaintiff passenger admitted that the brakes had been operating properly and that a sudden and unexpected brake failure was involved, the cause of which was such that a reasonable inspection or test of brakes would not have revealed.

In the present case, the plaintiffs' testimony indicated that there was a screeching of the brakes of the defendant's automobile just prior to the collision and that the defendant immediately thereafter stated that he was sorry that his brakes gave way or went out. It is the defendant who claimed that there was a failure of his brakes, but he did not state and the evidence of the plaintiffs does not show that there was a proper inspection and a sudden failure without warning.

The proof of the accident itself with the defendant's exclamation of brake failure, indicates, prima facie, that the defendant violated Code (1957), Article 66½, Section 291 (a) and 292 (a) and (b) which provide as follows:

"§291 *Brake equipment required.*

"(a) *Two brakes.*—Every motor vehicle, other than

a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels."

"§292. *Performance ability of brakes.*

"(a) *Adequacy of service brake.*—The service brakes upon any motor vehicle or combination of vehicles shall be adequate to stop such vehicle or vehicles when traveling twenty (20) miles per hour within a distance of thirty (30) feet when upon dry asphalt or concrete pavement surface free from loose material where the grade does not exceed one (1%) percent."

"(b) *Adequacy of hand brakes.*—Under the above conditions the hand brake shall be adequate to stop such vehicle or vehicles within a distance of fifty-five (55) feet and said hand brake shall be adequate to hold such vehicle or vehicles stationary on any grade upon which operated."

Inasmuch as the failure of the brakes was the proximate cause of the collision, the burden of going forward with evidence of showing a proper inspection and a sudden failure without warning passes to the defendant.

In *Currie v. United States,* 201 F. Supp. 414 (D. Md. 1962), Judge Winter, then United States District Judge and now a United States Circuit Judge of the United States Court of Appeals for the Fourth Circuit, reviewed our decisions in a case involving the applicable Maryland law in a rear-end collision case allegedly caused by a brake failure. After reviewing *Sothoron v. West,* 180 Md. 539, 26 A. 2d 16 (1942) ; *Kaplan v. Stein,* 198 Md. 414, 84 A. 2d 81 (1951) as well as *Brehm v. Lorenz,* 206 Md. 500, 112 A. 2d 475 (1955) and *Lehmann v. Johnson,* 218 Md. 343, 146 A. 2d 886 (1958), Judge Winter concluded, properly we think, that the Maryland law is that

where the owner or operator of a vehicle causing a rear-end collision depends on the grounds of defective brakes, the burden of showing proper inspection and a sudden failure without warning rests upon the defendant.

See *Wood v. Johnson,* 242 Md. 446, 219 A. 2d 231 (1966) and *Kline v. Kane,* 246 Md. 19, 226 A. 2d 894 (1967).

The trial court was in error in directing the verdict for the defendant and the judgment will be reversed and the case remanded for a new trial.

> *Judgment reversed, case remanded for a new trial, the costs to be paid by the appellee.*