PEARSON, Judge.
Mary Lee Vecciarelli, administratrix of the estate of her husband, Richard Vecciar-elli, appeals a final judgment entered pursuant to a directed verdict for the defendants in her action against Johnson Ford, Inc., the City of Hialeah and their respective insurers, in an action for wrongful death.[1]
The facts as presented by the plaintiff are that the deceased, Richard Vecciarelli, was employed as an automobile salesman for Johnson Ford. At closing time on a certain day, he asked for and received permission to take home a used Shelby-Ford automobile for personal use at a social occasion. It was the policy of Johnson Ford to allow its automobile salesmen to drive company-owned cars as demonstrators and for both personal and business purposes. The evidence shows that the automobile was test driven by an employee of Johnson Ford prior to its having been turned over to Vecciarelli for his use. Vecciarelli drove the car home from work and later that evening, with several companions, he drove the car, at one point at a high speed, finally driving through a “T” intersection, where he was killed.
There was evidence that should have been admitted, but to which objection was erroneously sustained, that would tend to prove that the car lent to Vecciarelli was mechanically defective in that either the brakes failed or the accelerator (throttle) stuck, or both. In considering this appeal from the directed verdict for these defend *1260 ants, we have considered the record as though this evidence was admitted. Having considered the record in the light most favorable to the plaintiff, we hold that the directed verdict for Johnson Ford and its insurer was proper because there was no evidence to show a special duty upon Johnson Ford, as Vecciarelli’s employer, to guarantee the mechanical condition of the automobile in which Vecciarelli died. In the absence of any evidence that the check of the Shelby-Ford automobile was negligently conducted or that Johnson Ford knew or should have known of the defects claimed, there was no proof of actionable negligence. Cf. Blanford v. Nourse, 120 So.2d 830 (Fla. 3d DCA 1960); and Langville v. Glen Burnie Coach Lines, Inc., 233 Md. 181, 195 A.2d 717 (1963). In a case such as this, we cannot apply the narrow test we would necessarily apply in cases arising, for instance, under the Federal Employers’ Liability Act. Cf. such cases as Atlantic Coast Line Railroad Company v. Barrett, 101 So.2d 37 (Fla.1958); Bradley v. Seaboard Coast Line Railroad Company, 355 So.2d 177 (Fla. 3d DCA 1978), filed February 14, 1978; and McCloskey v. Louisville & Nashville Railroad Company, 122 So.2d 481 (Fla. 1st DCA 1960).
The directed verdict for the City of Hialeah and its insurer was also proper. The record is devoid of any duty upon the City to maintain the roadway or right of way in the area of the accident resulting in Richard Vecciarelli’s death. Plaintiff’s argument that a ditch[2] beyond the right of way contributed to the accident is not substantiated by any evidence in this record or by any showing that the City of Hialeah had a duty to fence this ditch.
Accordingly, the judgments based upon the directed verdicts for these defendants are affirmed.
Affirmed.

. We note a prior appearance in this court of an interlocutory appeal involving the same matter and parties. See Vecciarelli v. Johnson Ford, Inc., 277 So.2d 807 (Fla. 3d DCA 1973).

. The evidence revealed that the ditch was four feet deep and seven feet wide.