87 N.J. Super. 242 (1965)
208 A.2d 817
OLIVIA MAY ROLFE, BY HER GUARDIAN AD LITEM, JENNIE ROLFE, AND JENNIE ROLFE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
RUDOLPH OLSON AND MARY OLSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1965.
Decided April 7, 1965.
*243 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Peter Shebell, Jr. argued the cause for appellants (Mr. Thomas F. Shebell, attorney).
Mr. Robert V. Carton argued the cause for respondents (Messrs. Carton, Nary, Witt & Arvanitis, attorneys; Mr. H. Frank Carpentier, on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This was an action to recover damages for the injury of a six-year-old child, proceeding along a *244 road, allegedly caused by the negligent operation of an automobile by defendant. The focal dispute at trial was whether or not defendant's automobile actually made contact with the child's body. There was conflicting evidence in support of each of the contradictory versions of the parties on the factual issue.
The principal ground of appeal from the judgment entered on the jury verdict of no cause for action is the admission by the trial court into evidence on behalf of defendant, over objection by plaintiffs, of testimony by a state trooper that shortly after the accident the child told her mother, upon inquiry by the latter as to "what happened," that "she fell." In the course of argument on the objection to this evidence the trial court on its own motion conducted a hearing as to the capacity of the infant plaintiff to testify and at its conclusion ruled that the child lacked "the mental capacity and the moral responsibility to be competent to testify." The court nevertheless overruled the objection to the trooper's testimony on the ground that the child's statement might be used to affect the credibility of the mother as a witness and as an admission against the child as a party. At the time of trial the child was eight years of age.
Plaintiffs' contention is that the acceptance of the child's declaration as an admission was inconsistent with her disqualification as a witness since her lack of qualification for one purpose should equally apply to the other. It is also argued that it was "unfair" to admit the admission against her in circumstances where she was precluded from explaining the admission as a witness. In connection with these assertions it is to be noted that plaintiffs at the trial neither objected to nor argued against the court's disqualification of the child as a witness. In fact, we were informed at the argument that the court's action in that respect was in accord with plaintiffs' view of the matter, and that they never intended to offer the infant as a witness.
The accepted view in this jurisdiction, and generally, is that an infant party's out-of-court admission may be *245 received in evidence against him, but is to be weighed cautiously since there are inherent weaknesses in this character of testimony. Bankers Trust Co. v. Bank of Rockville, &c., 114 N.J. Eq. 391, 400 (E. & A. 1933); Annotation 89 A.L.R. 708 (1934). It has been observed that the competency of such an admission should depend not alone upon the infant's age, but also "upon his intelligence, education, information, understanding and ability to comprehend." De Souza v. Barber, 263 F.2d 470, 477 (9 Cir. 1959). We would add to the foregoing the relative simplicity or complexity of the fact admitted. It is obvious that the fact admitted in the present case is one of an elementary nature, presumably within the capacity of the average six-year-old child to comprehend and relate a few minutes after the occurrence of the event declared. Moreover, the trial court instructed the jury that they should consider the admission, if proved, "more cautiously * * * because of the age of the infant than the admission of an adult. You should weigh the said admission with reference to the age and the understanding of the infant at the time when the admission was made." Significant as to any claim of prejudice in the admission of this evidence, moreover, is the fact that the hospital record, offered in evidence by plaintiffs, contains the notation: "child states she fell running out of path of car."
Although some authorities seem to favor applying the same criteria for the admissibility of a declaration of an infant as for his testimonial qualifications as a witness, see, e.g., McCormick, Evidence (1954), § 240, p. 505, this does not necessarily mean that disqualification to testify is fatal to the admissibility of the declaration. It is one thing for a child-declarant to have had the capacity to make a trustworthy statement about something he had just experienced or seen occur; another to be able reliably to testify in court as a witness as to what occurred two years previously, to withstand cross-examination thereon and to appreciate the obligation of an oath. In each case admissibility is for the sound discretionary judgment of the trial court.
*246 Plaintiffs' argument based on the "unfairness" of the child's not being able to explain the admission is not persuasive. It is, for example, commonplace to admit certain declarations of decedents as exceptions to the hearsay evidence rule; an admission by a decedent is admissible against his successors in interest. Schloss v. Trounstine, 135 N.J.L. 11 (Sup. Ct. 1946).
There was no error in the admission of the testimony above discussed.
Plaintiffs assert error in the denial of a motion for a mistrial based upon a reference in the opening of defense counsel to the fact that a state trooper investigating the accident did not make an official report thereon. The assertion was improper since the fact adverted to was immaterial and could not properly have been the subject of proof. However, we do not regard the matter as of such moment as to warrant reversal, particularly since the comment was not objected to when made nor was the court at any time requested to admonish the jury to disregard it. The court did in its charge advise the jury that statements of counsel were not to be considered as evidence. There was no mistaken discretion in the denial of the mistrial.
Finally, plaintiffs assert error in the trial court's refusal to strike a self-serving voluntary statement by defendant during cross-examination. This incident was not of such serious import as to constitute prejudicial error.
Judgment affirmed.