## HARTMAN v. MEADOWS

[No. 312, September Term, 1965.]

160

Decided June 21, 1966.

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*R. Leo Kent* and *David K. Ebersole, Jr.,* with whom was *William P. Bolton, Jr.,* on the brief, for the appellant.

*Patrick A. O'Doherty,* with whom was *Hamilton O'Dunne* on the brief, for the appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

The losing plaintiff in a motor tort case tried before a jury brings this appeal. His counsel, with great verve and vigor, denounce many alleged errors in the trial below, but, when analysed, the record fails to show that some of these alleged errors are presented by the record. In fact, the record discloses little more than a disputed question of fact, which was properly submitted to the jury for its decision.

As we view the case, the appeal can be decided by answering without undue elaboration, these simple questions: (1) should plaintiff's motion for a directed verdict on the issue of defendant's primary negligence have been granted; (2) should plaintiff's "motion to suppress collateral issues" have been granted; (3) did defendant's opening statement to the jury, wrongfully, create prejudice and bias against the plaintiff; (4) was it error to refuse to allow plaintiff's counsel, in his summation, to refer to defendant's opening statement; (5) was it error for the court

to instruct the jury to disregard evidence of defective brakes on defendant's car; (6) and was plaintiff entitled to a new trial under our decision in *Schowgurow v. State,* 240 Md. 121?

# I

The facts, simply stated, were that the plaintiff, a county police officer, and a fellow officer were drinking beer at Pop's Tavern on July 14, 1960, at about 1:45 a.m., when the bartender announced he was closing.[1] Appellant, according to his testimony, left the tavern and got into his automobile. The tavern has a parking area which merges into the adjacent public thoroughfare. The main question of fact in dispute at the trial was whether the appellant backed his automobile out of the parking area onto the main highway, or ran it forward toward said highway. Plaintiff testified that he ran his car out to the highway and stopped at an angle nearly parallel thereto; his front wheel may or may not have been on the shoulder. His theory of the accident was that, when in this stopped position, the defendant drove his car off the highway, into the parking area, and struck his vehicle in the rear.

Defendant's theory was entirely different: it was that he was proceeding on the public highway, at a moderate speed, when suddenly the plaintiff backed out of the parking area directly in his path. He had no chance to stop, and the collision resulted. The physical facts showed that plaintiff's vehicle had been struck in the rear.

It will be unnecessary to set forth other details of the attendant circumstances. The above discloses diametrically opposite claims pertaining to facts, the determination of which, in a jury trial, is peculiarly the province of the jury. The trial judge was clearly correct in denying plaintiff's motion for a directed verdict on the issue of defendant's primary negligence.

## II and III

These contentions, as they are presented in the brief and record extract, are difficult for us to state with full confidence of the complete accuracy of our statement of them. They seem to

---

1. Plaintiff was on his way home after registering in his service car; whether, under regulations, he was still on duty is not shown by the record.

be that the plaintiff filed a motion "to suppress issues collateral to the case," a portion of which was granted, and a portion denied. The motion is included in the record extract, but there is no showing of how the denial of any part of the motion injured plaintiff, or how defendant's opening statement was prejudicial, other than a statement in appellant's brief that he did not obtain a fair and impartial trial because "collateral matters tending to impugn plaintiff's character and veracity were thrust upon the jury by way of an opening statement [by defendant's counsel] * * *." Counsel for defendant's opening statement was not transcribed, no objections were made thereto, and the court instructed the jury that opening statements were not evidence, and that it should base its verdict on the sworn testimony and the exhibits alone; hence the only question before us is the bare ruling on the "motion to suppress," and, as we have stated above, the only purported prejudice therefrom is alleged to have come from an opening statement, which is not in the record. The record, as presented, fails to disclose any prejudicial error in the court's ruling on the motion, or any prejudice in defendant's opening statement.

Of course, counsel, in the ardor of advocacy, should not attempt to change the function of an opening statement into an opening "argument." In our juridical procedure the purpose of an opening statement is to acquaint the judge and jury with the *facts* that counsel hopes and expects to prove, leaving the arguments until their proper time, later. And for the promotion of proper and orderly procedure in our trial courts, the judges should see that counsel adhere to this rule for occasionally it is attempted to be abused.

### IV

What we said under II and III really suffices to answer this claim; but, in addition, there is nothing properly in the record before us to show that plaintiff's counsel in his argument attempted to refer to his opponent's opening statement and was denied that right. In this situation, there is nothing for us to decide here.

## V

This assignment of error is somewhat unusual. One of plaintiff's witnesess testified, in effect, that after the accident defendant's brake pedal had to be "pumped up" in order to make the brakes hold. After the conclusion of the taking of testimony, the trial judge decided there had been established no causal connection between defective brakes and the happening of the accident. He, therefore, charged the jury: "* * * I instruct you as a matter of law that there is no legally sufficient evidence upon which you could find that defective brakes caused this accident. So that, insofar as the testimony with regard to defective brakes is concerned, in your arriving at your verdict you must ignore that." Appellant's counsel agree that the court was correct in concluding that no causal connection between purported brake failure and the happening of the accident had been shown, but argue that it was prejudicial error not to grant their request that in making his ruling the court instruct the jury that he did not intend to indicate that he thought plaintiff's witness untruthful.

The average jury of today is composed of intelligent people. For the main part, they generally know and understand what is going on in a trial, and realize the purport of the judge's charge. It is unnecessary, in order not to be misleading or confusing, for the court to set forth in minute detail the limitations of every conceptual interpretation that might be placed upon his charge. The purpose of oral charges is to tell the jury in simple words what the law is in the case before them, and we will not be too particular in criticizing the words used if the result be sufficient. *Lloyd v. Yellow Cab Co.*, 220 Md. 488.

In the case at bar, the trial judge explained to the jury that the violation of a statute constituted negligence, provided it was a proximate cause of an injury; but that a violation of a statute, alone, did not, in and of itself, constitute negligence. He also specifically instructed them to decide the case on the sworn testimony and exhibits, and it was their function to determine the facts and that he "must accept what you say about the facts." Under the above circumstances, we can see no trace of an abuse of discretion.

## VI

This contention is answered by our decision in *Schiller v. Lefkowitz*, 242 Md. 461. For the reasons there assigned, the answer is in the negative.

*Judgment affirmed; appellant to pay the costs.*