## PARAMOUNT DEVELOPMENT CORPORATION
### *v.* HUNTER, ET AL.

[No. 135, September Term, 1967.]

*Decided March 6, 1968.*

The cause was argued before HORNEY, MARBURY, BARNES, McWILLIAM and SINGLEY, JJ.

*Arthur V. King* for appellants.

*Albert D. Brault,* with whom were *Brault, Scott & Brault* on the brief, for Stuart Hunter, one of appellees; *Edward B. Layne, Jr.,* with whom were *McInerney, Latham & Layne* on the brief, for James Cherrix, other appellee.

SINGLEY, J., delivered the opinion of the Court.

On an afternoon in March 1965, Stuart Hunter and James Cherrix, both then about 5½ years old, entered a vacant and unlocked house at 706 Cabin John Parkway, in Rockville, Maryland, owned by Paramount Development Corporation (Paramount). The boys turned on an electric range; some newspapers

were ignited; and the resulting damages to the house amounted to $5,612.50.

Paramount, the plaintiff below and appellant here, sued the boys and their parents; demurrers filed by the parents were sustained; the case against the boys was tried before a jury, which returned a verdict for the defendants; the plaintiff filed a motion for a judgment *n.o.v.*; and from the judgment entered in favor of the defendants, the present appeal was taken.

The appellant was aware of the fact that the Maryland cases appear to have imposed liability on a trespasser regardless of whether damage done by him was occasioned by his negligence. *Lawson v. Price,* 45 Md. 123 (1876); *West Virginia Cent. & P. R. Co. v. Fuller,* 96 Md. 652, 54 A. 669 (1903). *But see, Restatement (Second) of Torts,* §§ 158, 166 (1965). Its declaration was so framed, at least in part, to sound in trespass against the infant defendants. Had the case proceeded on this theory, Paramount might have been spared the necessity of proving negligence or intent, Prosser, *Torts* (3d Ed. 1964), ch. 3, § 13, and liability might have been imposed regardless of the defendants' infancy or of the fault of the property owner. *Cleveland Park Club v. Perry,* 165 A. 2d 485, (D.C. Mun. App. 1960); *Seaburg v. Williams,* 16 Ill. App. 2d 295, 148 N. E. 2d 49, 67 A.L.R.2d 562 (1958). *See also, Fett v. Sligo Hills Development Corp.,* 226 Md. 190, 197, 172 A. 2d 511, 514 (1961); *Carroll v. Spencer,* 204 Md. 387, 104 A. 2d 628, 44 A.L.R.2d 1247 (1954).

The amended declaration contained the following paragraph, however:

> "That the said infant defendants, Stuart Hunter and James Cherrix, each being more than five (5) years of age, knew or should have known, that they should not have been trespassing on the plaintiff's premises, and that they should not harm and damage the said premises, and they knew or should have known that newspapers placed in or about an electric kitchen range in the plaintiff's premises would ignite if the electric kitchen range was turned on and they therefore should have refrained from turning on the said range, but did,

nevertheless, turn on the said range, causing newspapers to ignite and as a result a severe and substantial fire was caused in and about the plaintiff's premises."

and testimony was offered in support of these allegations: *i.e.,* the lighting of the stove and the placing of the papers.

Through the testimony of Daniel Karsner, of the Montgomery County Division of Fire Prevention, the defendants introduced Section 86-78 of the Montgomery County Fire Prevention Code, which required that the doors and windows within 12 feet above the ground of temporarily vacant buildings shall be closed and locked.[1] Uncontroverted evidence was offered in

---

1. Sec. 86-78. Vacant buildings and private residences.

(a) *Classification.* Vacant buildings including private residences are divided into three classes as follows:

CLASS I. TEMPORARY VACANT BUILDINGS shall include every building or portion of a building which the occupants have left unguarded without removing all appliances or equipment but from which no utility services have been disconnected.

CLASS II. PARTIALLY VACANT BUILDINGS shall include every building or portion of a building from which all or most of the appliances and equipment have been removed but from which the utility services have not been disconnected.

CLASS III. COMPLETELY VACANT BUILDINGS shall include every building or portion of a building from which all or most of the appliances and equipment have been removed and from which some or all of the utility services have been disconnected.

(b) *Requirements generally.*

(1) The doors and windows within twelve feet above the ground of all buildings of Class I vacancies shall be closed and securely locked.

(2) All doors and windows of all buildings of Class II vacancies shall be closed and securely locked. All gas burners shall be shut off. All electric lighting, appliances and equipment circuits shall be shut off by opening the main switch at the meter circuit panel boards.

(3) In Class III vacancies all doors and windows and other openings shall be closed and securely locked, all windows within twelve feet from the ground shall be further protected by boarding up with wood or metal panels, shutters or other approved shields. Before any Class III vacancies are closed, all trash, rubbish and other flammable material shall be removed from the premises, including all other material likely to start a fire by spontaneous combustion. All remaining utility services shall be disconnected.

behalf of the defendants that the house had been vacant for at least several years, that the house was unlocked, that appliances were in place, and that the electricity had not been turned off.

The lower court concluded that the declaration sounded in both trespass and negligence; that the case was tried as a negligence case; and that therefore, it should go to the jury as a negligence case.[2]

In its charge to the jury, the lower court said:

> "In the present case, therefore, there are two principal questions for you to decide in reaching your verdict. First whether the damages to which you have heard reference made were caused by negligence on the part of these boys, and secondly, if you should find that it was, whether any negligence on the part of the Plaintiff also contributed to cause the damages.

> "You have heard the provisions, or portion, of Section 86-78 of the Fire Prevention Code of Montgomery County, read to you. The Defendants contend that the Plaintiff is barred by contributory negligence by reason of the violation of that Ordinance. It is for you to determine whether the Plaintiff did violate that Section and if so, whether the alleged violation was a direct contributing cause of the damage which it sustained.

---

(4) Before any building is vacated in cold weather and within which heating is discontinued, all boilers, pipes, tanks, radiators and equipment containing water and subject to freezing shall be fully drained. The connection in the building to the public water supply shall be suitably protected against freezing.

(5) All vacant buildings from which the usual precautions against trespassing have been destroyed or removed and the owner of which cannot be located or will not protect such building in accordance with the requirements of this chapter, shall be considered as unsafe and dangerous buildings. In every such case the fire marshal shall proceed in accordance with provisions applicable to unsafe and dangerous buildings.

2. Compare Seaburg v. Williams, *supra*, where in a similar case, the declaration alleged a non-negligent tort.

"Now, negligence is the lack of ordinary care under all of the circumstances. It is that degree of care which children of the same age and intelligence, as these here, would be expected to exercise under similar circumstances. Contributory negligence is the failure of the plaintiff to act with that degree of care which a reasonably prudent man or person would have exercised for its own safety."

Appellant contends that there was error in the court's failure to instruct the jury on the law of trespass [3] and in the portion of the court's instruction which dealt with the law of negligence, as well as in the court's denial of the appellant's motion for a judgment *n.o.v.*

The court below correctly concluded that an action brought in negligence and tried as a negligence case should go to the jury on the question of negligence. Negligence was correctly defined in the instruction. *Baltimore Transit Co. v. Prinz,* 215 Md. 398, 137 A. 2d 700 (1958) ; *Martin G. Imbach v. Tate,* 203 Md. 348, 100 A. 2d 808 (1953). It is clear that a violation of statute may be evidence or prima facie evidence of negligence but does not constitute negligence per se. *Aravanis v. Eisenberg,* 237 Md. 242, 259-60, 206 A. 2d 148 (1965) ; *Alston v. Forsythe,* 226 Md. 121, 172 A. 2d 474 (1961) ; *Liberto v. Holfeldt,* 221 Md. 62, 65, 155 A. 2d 698 (1959). Whether Paramount did or did not comply with the Montgomery County Fire Prevention Code and the consequences of non-compliance were questions properly submitted to the jury. We find no error in the court's charge and no reason why the jury's verdict in favor of the defendants should be disturbed.

> *Judgment affirmed; costs to be paid*
> *by appellant.*

---

3. There is an intimation that the appellant submitted a draft of the instructions it requested, but this is not a part of the transcript.