McLHINNEY et ux. *v.* LANSDELL CORPORA-
TION OF MARYLAND, et al.

[No. 274, September Term, 1968.]

*Decided June 2, 1969.*

8

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Marvin Ellin,* with whom was *Leonard Passano Baker, Jr.* on the brief, for appellants.

*Jeffrey B. Smith,* with whom were *Theodore B. Cornblatt* and *Smith, Somerville & Case* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

The appellants, James C. McLhinney and his wife Shirley J. McLhinney, brought suit on July 27, 1967, in the Circuit Court for Howard County against John C. Hafner, Sr. and the Lansdell Corporation of Maryland (Lansdell) for alleged personal injuries and loss of consortium sustained as the result of a collision between a tractor trailer and a fire engine on which appellant James C. McLhinney was riding. At the conclusion of the plaintiffs' case, the lower court granted the defendants' motion for a directed verdict on the grounds that the plaintiffs had failed to establish a prima facie case of negligence and further, they had failed to connect either Lansdell or Hafner with the accident. After the lower court denied a motion for a new trial and entered judgment against the plaintiffs for costs, this appeal was taken.

Shortly before 5:00 a.m. on April 20, 1967, the plaintiff James McLhinney, a fireman, was aboard a fire engine traveling south on Gay Street in Baltimore City responding to a fire alarm. The appellants' evidence indicated that the engine was proceeding at a speed of approximately 25 miles per hour and that its siren, lights, and bell were in full operation. The driver of the engine, Charney L. Harris, testified that at approximately 5:00 a.m. at the intersection of Lombard and Gay Streets he collided with a tractor trailer traveling east on Lombard Street. He stated that as he approached the intersection he slowed to approximately 18-20 miles per hour because he knew he might have to make a turn onto Lombard Street or avoid other fire fighting apparatus coming from that street. Although the intersection where the accident occurred was controlled by automatic traffic signals, Mr. Harris was unable to state whether at the time he entered the intersection the light was then green for traffic approaching from his direction. He had last looked at the light when his vehicle was some 200 feet from the intersection, and at that time the light was green for traffic traveling on Gay Street.

The appellants produced no testimony that the appel-

lees, or either of them, owned or operated the tractor trailer which collided with the fire engine. Further, the appellants produced no testimony at all regarding the existence of any agency relationship between the appellees. However, at the trial, counsel for the appellees admitted in his opening statement the following: (1) Hafner's operation of the tractor trailer, and his involvement in the accident; (2) Hafner's employment by the Lansdell Corporation at the time of the accident; and (3) the fact that when the accident occurred, Hafner was en route to pick up a load of "tar or some type of oil."

At the conclusion of the appellants' case the appellees' attorney moved for a directed verdict on the ground that "there is no legally sufficient evidence to show a violation of any duty which might have been owing from the Defendants to the Plaintiffs," and also that "the Plaintiff has not established whose vehicle it was with which the fire truck collided . . ." Appellants' attorney asked the trial court to allow him to supply the additional testimony, but permission was denied and the court directed a verdict in the appellees' favor. From the unfavorable judgment the McLhinneys appealed to this Court.

On appeal, two questions are presented: (1) may a plaintiff rely on a defendant's failure to deny in the pleadings plaintiff's allegation of the ownership of the motor vehicle and upon the admissions of the defendant's counsel in his opening statement that the individual defendant was the driver of the corporate defendant's vehicle; and (2) did the appellants produce evidence of the appellees' negligence sufficient to warrant submitting the case to the jury. We conclude that both questions must be answered in the affirmative and reverse the decision of the lower court and remand the case for a new trial.

Prior to the presentation of evidence by the plaintiffs and after the plaintiffs' counsel had made an opening statement, the defendants' counsel exercised his privilege of making an opening statement. Pertinent parts of his remarks were as follows:

"Mr. Hafner is fifty-four years of age; he has

been driving trucks since 1936; he has driven all sorts of rigs. He is a married man and as I say, his wife is seated in the Court. He has two children, grown children. He lives in Howard County and he has for several years; before that he lived in Anne Arundel County and before that in Baltimore County. He no longer works for Lansdell Corporation; he worked for them for six years; he worked for them for a period of time after this accident and he left only to obtain a better position and he left with a very good letter of recommendation as he will testify. Mr. Hafner, I believe you will have an opportunity to observe him on the stand, is not a hot-rod kid; he's not a joy rider; he's not a man that runs traffic signals.

"This happened, Members of the Jury, at four-forty-five or approximately four-forty-five A. M. while it was still dark on the morning of April the 26th, 1967. Mr. Hafner had picked up his rig which for your information was a tractor-trailer, a tanker, it's a tank trailer, and he was going to Humble Oil and Refining Company to pick up a load of tar or some type of oil, I'm not familiar with the process too much. He was traveling east on Lombard Street which as has been stated is a one-way street with four lanes. He was traveling in the second lane to the right or from the south. He approached the intersection; he was approximately a half block away and as is normal with any conscientious professional driver he noted the traffic signal and at that time it was green. And that light remained green until he went into the intersection, and when he last saw it and last could visibly see it as he went under the light, it was green.

"And, Members of the Jury, the point of impact between these two vehicles was just ahead of the rear end wheels on this trailer and the ac-

cident happened almost directly in the center of the intersection so that the large portion of the rig was out of the intersection or just about out of it when this happened. His windows were up; it was a chilly morning; we have the weather report which we will offer in evidence. He had a radio on, a radio in the truck, but it was not on, and this was an empty tractor trailer tanker and it does make a certain amount of noise."

The appellants urge that in light of these remarks the trial court should not have directed a verdict against them on the basis that they had failed to establish Hafner's involvement in the accident and Lansdell's ownership of the vehicle. We agree that appellees' counsel had removed these issues from the matters in controversy to the extent that the trial court should not have directed a verdict against the appellants. A review of the Maryland cases indicates that this precise question has not been decided by this Court. However, in *Secor, Adm'r v. Brown,* 221 Md. 119, 123, 156 A. 2d 225, 227, we stated:

"But there is a *prima facie* presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation. *Posko v. Climatic Control Corp.,* 198 Md. 578, 584; *Wanzer v. State,* 202 Md. 601, 608; *Thomas v. Hopkins,* 209 Md. 321, 327; *Smith v. Warden,* 213 Md. 643. Cf. 2 *Restatement (Second), Agency,* § 284, comment e (1958). This is particularly true of stipulations or admissions made in the course of a trial."

Appellees argue that the sole purpose of an opening statement is to acquaint the judge and jury with facts that counsel expects to prove, citing *Hartman v. Meadows,* 243 Md. 158, 220 A. 2d 555, and that an opening statement is not to be construed as substantive evidence. While this Court indicated in *Hartman* that the function of an opening statement should not be changed into

an opening "argument," nothing was stated to indicate that its *sole* purpose was merely to make the judge and jury better informed about what counsel intended to prove. And further, to say that "an opening statement is not evidence" is misleading. It is correct insofar as statements made in an attorney's opening comments cannot replace the requirement that substantive evidence be produced during the trial to establish counsel's theory of the case. However, this phrase should not be interpreted to mean that an attorney, acting as his client's agent within the scope of his authority, should not be able to make admissions favorable to the opposing side. "They [admissions of counsel] may dispense with proof of facts for which witnesses would otherwise be called. . . Indeed, any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure, equally as if established by the clearest proof . . . ." *Oscanyan v. Arms Co.*, 103 U. S. 261. As stated in 7 C.J.S. Attorney and Client § 100 b (1937) :

> "An attorney employed to prosecute or defend a particular cause is usually held to have the implied power to bind his client by statements and admissions in the pleadings, or *in the opening statement;* or by any admission or statement of fact deliberately made in good faith in open court during the progress of the case for the purpose of dispensing with testimony or facilitating the trial of the cause, unless the admission or statement is one which is expressly required by statute to be made or signed by the client personally." (Emphasis added.)

*E. g., Clark & Wilson Lumber Co. v. McAllister*, 101 F. 2d 709 (9th Cir.) ; *The People v. Hill Top Mining Co.*, 300 Ill. 564, 133 N. E. 303; *Bayer v. American Mutual Casualty Co.*, 359 S.W.2d 748 (Mo.).

In addition, since appellants' declaration alleged that Lansdell owned the tractor trailer which collided with the fire engine and Lansdell did not deny such ownership in

its next succeeding pleading, the corporate appellee could not raise the defense of lack of ownership. Maryland Rule 311 a provides:

> "Whenever the partnership of any parties, the incorporation of any alleged corporation, the execution of any written instrument, the original or a copy of which, is filed in the action, or the ownership of a motor vehicle is alleged in the pleadings in any action, such fact shall be deemed to be admitted in so far as such action is concerned, unless it shall be denied by the next succeeding pleading of the opposite party to the merits."

Turning to the second issue, the appellees maintain that there was no legally sufficient evidence of negligence on their part and that the lower court properly directed a verdict in their favor. We cannot agree.

Code (1967 Repl. Vol.), Article 66½, Section 235 (a) provides:

> "*Vehicles.*—Upon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the highway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer."

The appellants' evidence indicated that the fire engine's siren, lights and bell were in full operation, yet the appellee Hafner failed to yield the right-of-way. It is well settled in Maryland that a violation of a statute may be evidence or prima facie evidence of negligence, although it does not constitute negligence per se. *Paramount Development v. Hunter,* 249 Md. 188, 238 A. 2d 869; *Ara-*

*vanis v. Eisenberg,* 237 Md. 242, 206 A. 2d 148; *Alston v. Forsythe,* 226 Md. 121, 172 A. 2d 474. The appellees, however, argue that the driver of the fire engine had the duty to operate his vehicle with "due regard for the safety of all persons using the highway" and that since the driver did not know which color the light was when he entered the intersection, "as a matter of law he alone was negligent." Even conceding for purposes of this case only that the driver of the fire engine was negligent in not slowing down to a speed less than the 18-20 miles per hour which he testified he did, such conduct would not as a matter of law excuse the action of the appellee Hafner in failing to yield the right-of-way in light of the fact that the engine's warning signals were in operation. Ordinarily, the issue of whether a party was negligent should be left for the jury's determination, and the trial court should rule that there is no probative evidence only when the circumstances are such that reasonable minds could not reach different conclusions on that issue. *Md. Chemical v. Monn,* 241 Md. 127, 215 A. 2d 731; *Bernardi v. Roedel,* 225 Md. 17, 168 A. 2d 886, and cases cited therein. We hold that the lower court should not have directed a verdict against the appellants.

Accordingly, the judgment must be reversed and the case remanded for a new trial.

> *Judgment reversed and case remanded for a new trial. Costs to be paid by appellees.*