452 F.2d 1141
 Kirsten MAXWORTHY, Infant, by her Parent and Next Friend,
Dr. Tony Maxworthy, Emily Jean Maxworthy, Emily
Jean Maxworthy and Dr. Tony Maxworthy,
Jointly, Dr. Tony Maxworthy,
Plaintiffs-Appellees,
v.
HORN ELECTRIC SERVICE, INC., a Body Corporate, and Charles
David Horn, Defendants-Appellants.
 No. 71-1519.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 2, 1971.
Decided Jan. 5, 1972.
 
 M. King Hill, Jr., Baltimore, Md. (Robert E. Powell and Smith, Somerville & Case, Baltimore, Md., on brief), for appellants.
 Max R. Israelson, Baltimore, Md. (Joseph I. Pines and Israelson, Pines & Jackson, and Harry A. E. Taylor, Baltimore, Md., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and WINTER and RUSSELL, Circuit Judges.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 This is a diversity action filed by a husband and wife to recover damages sustained as a result of an automobile accident. The wife sues to recover for her personal injuries; the husband for loss of services of his four-year-old daughter (also injured in the accident and for whom a separate action of damages was brought) and for medical expenses, past and future, incurred on account of the wife's and daughter's injuries; and the husband and wife jointly for the loss of consortium sustained by the husband on account of the wife's injuries.[1] The trial judge, D.C., 314 F.Supp. 899, granted plaintiff's motion for partial summary judgment on the issue of liability and the only issue submitted to the jury was the damages allowable under the several causes of action. Upon submission of the evidence and after instruction from the Court, the jury found $100,000 in favor of the wife on her individual cause; $30,000 for the husband on his cause of action for recovery of loss of services of his four-year-old daughter and medical expenses for his wife Emily Jean Maxworthy and his daughter Kirsten Maxworthy, and $15,000 on the joint cause of action for loss of consortium. From the judgments entered on such verdicts, the defendants have appealed on a number of grounds.
 
 
 2
 We affirm.
 
 I.
 
 3
 The defendants' first claim of error arises out of a denial of their motion for a mistrial because of what they assert was a prejudicial reference in the opening statement of plaintiffs' counsel to the likelihood of divorce as an element of damages in the husband's cause of action for loss of consortium. While the opening statement is not evidence but is only intended as an outline of a party's anticipated proof,[2] it should exclude any reference to matters that counsel knows he cannot prove or would be inadmissible;[3] and, where counsel's references to inadmissible or unprovable facts are so flagrant or inflammatory as to affect the fairness of the trial, it is within the sound discretion of the trial judge to take such remedial action as he deems proper, including, if he considers such action appropriate, a mistrial[4] and the exercise of such discretion will not ordinarily be disturbed unless clearly erroneous.[5] The District Court did not regard the statement of counsel in this case so prejudicial as to warrant a mistrial;[6] in fact, as the testimony developed, it concluded that any prejudice resulting from the statement would be to the plaintiffs and not the defendants.[7] Moreover, any possibility of prejudice was manifestly removed by the positive instruction given to the jury by the District Court that, in assessing damages under the consortium action, they should not consider the likelihood of divorce. Under these circumstances, we perceive no basis for disturbing the exercise of its discretion by the District Court in denying the motion for a new trial.
 
 II.
 
 4
 The defendants objected to the right of the plaintiffs to testify as to their emotional problems and marital difficulties stemming from the injuries to the wife. We see no error in the admission of such evidence. That friction arose because of the wife's physical condition, necessitating changes in the life habits of the couple, is a fact that medical testimony could not attest; the parties themselves could be the only source of evidence of this kind.[8]
 
 III.
 
 5
 The defendants, also, objected to any evidence with reference to the salary scale of teachers in the Pasadena School system in connection with the proof of the wife's pecuniary loss. It is their contention that, since the wife was not so employed at the time of the accident, any evidence based on the possibility that the wife might later secure such employment was too speculative. The testimony, however, did not relate to a type of employment in which the wife had never been engaged.[9] For seven continuous years the wife had been employed as a teacher in the Pasadena School system. She had all the professional qualifications to resume such employment. The husband had testified, without objection, that his wife had the future intention of returning to such employment. This was confirmed in the wife's testimony. Under these circumstances, the ruling of the District Court that the evidence was admissible will not be disturbed. See, Blackburn v. Aetna Freight Lines, Inc. (3d Cir. 1966) 368 F.2d 345, 348-9, 23 A.L.R.3d 1182.IV.
 
 
 6
 The defendants urge reversal because of the excessiveness of the verdicts. Appellate review of damage awards, as the Court emphasized in Emaldio v. Pocahontas Steamship Company (4th Cir. 1966) 355 F.2d 55, 57, is "extremely limited"; only where the verdict "may fairly be characterized as monstrous" is a federal appellate court warranted in setting it aside. The verdicts in this case cannot be deemed "monstrous"; in fact, the District Judge commented that, had the cause been tried by him without a jury, the verdicts would have been greater. The defendants particularly assail, however, the award made the husband for past and future medical and other expenses arising out of the injuries of the wife and daughter. The actual medical expenses already accrued represented a third of the award. There was testimony on the present expense connected with the wife's disability, including increase in household expenses. It was also proved that the wife's condition would reasonably be expected to require considerable additional medical expense, including an operation. Such future medical expenses, it is true, were not estimated but this does not foreclose reasonable recovery for such anticipated expenses. 22 Am.Juris.2d, Sec. 25, p. 44. Giving consideration to all the record, the award made on this cause of action, to which the defendants have especially objected, was not without support in the evidence and will not be disturbed.
 
 V.
 
 7
 The most serious attack by the defendants is on that portion of the District Court's charge which dealt with the elements of damages recoverable for loss of consortium.
 
 
 8
 The right to recover for such loss of consortium, is recognized in Maryland and the loss recoverable "means the loss of society, affection, assistance and conjugal fellowship." Deems v. Western Maryland Railroad Company, supra, 231 A.2d at p. 517. In this case, there was testimony that, as a result of this accident, there was such a change in the relationship of the couple, in their "conjugal fellowship" and marital compatibility and enjoyment of companionship that the parties had separated, though there were at the time efforts at reconciliation by both parties. On the basis of such evidence, the Trial Court, in reviewing the circumstances that might be considered in connection with the husband's claim for the loss of affection, society and conjugal fellowship, instructed the jury that, it might "take into account their (the plaintiffs') separation, though I suggest that you should also takes into account the difficulty in determining in any instance whether and to what extent any particular event causes parties to a marriage to separate and to experience marital difficulties."
 
 
 9
 Considering the nature of the right of action, we perceive no error in the charge. Evidence that, as a result of the accident and the change occasioned thereby in the wife's personality there developed such lack of compatibility in the parties and such diminution of their affection and enjoyment of each other's society that they separated, it would seem, would be admissible in connection with the claim for loss of consortium, and, if admissible, it certainly could be considered by the jury in assessing damages. There is much similarity in the elements of damages recoverable in an action for alienation of affection and one for loss of consortium.[10] In the suit for alienation of affection, the fact that, as a result of the wrongful alienation, the parties had separated and there had been a loss of society by the injured spouse may properly be considered by the jury in fixing damages.[11]
 
 
 10
 Finding no merit in the errors claimed, the judgments of the District Court are accordingly affirmed.
 
 
 11
 Affirmed.
 
 
 
 [1]
 Under the law of Maryland, it seems that an action for loss of consortium is a joint action in favor of the husband and wife, even though for the benefit of only one of the parties. Deems v. Western Maryland Railway Company (1967) 247 Md. 95, 231 A.2d 514, 525
 
 
 [2]
 McLhinney v. Lansdell Corporation of Maryland (1969) 254 Md. 7, 254 A.2d 177, 180; Miller v. Braun (1966) 196 Kan. 313, 411 P.2d 621, 625; Waits v. Hardy (1958) 214 Ga. 41, 102 S.E.2d 590, 592-593; Thompson v. People (1959) 139 Colo. 15, 336 P.2d 93, 97; State v. Fenix (Mo.1958) 311 S.W.2d 61, 65
 
 
 [3]
 Colmar v. Greater Niles Township Publishing Corp. (1957) 13 Ill.App.2d 267, 141 N.E.2d 652, 655; Lybarger v. State, Department of Roads (1964) 177 Neb. 35, 128 N.W.2d 132, 140. The test is generally one of good faith; and, in the absence of substantial error, if counsel's statement is made "with reasonable ground to believe" the evidence is admissible, even though proof of it may be afterwards excluded, there is no misconduct. Director of Highways v. Bennett (1962) 118 Ohio App. 207, 193 N.E.2d 702, 706; 53 Am.Juris., p. 359, sec. 457
 
 
 [4]
 Gillson v. Gulf, Mobile and Ohio Railroad Co. (1969) 42 Ill.2d 193, 246 N.E.2d 269, 274
 
 
 [5]
 Mutual Life Ins. Co. v. Green (D.C. Ky. 1941) 37 F.Supp. 949, 954; Golian v. Stanley (Mo.1960) 334 S.W.2d 88, 91; Rolfe v. Olson (1965) 87 N.J.Super. 242, 208 A.2d 817, 820; Brigham v. Southern Pacific Company (1964) 237 Or. 120, 390 P.2d 669, 670
 
 
 [6]
 In fairness to plaintiffs' counsel, it should be noted that his statement was apparently made in good faith and with a reasonable basis for assuming that such evidence would have been admissible
 
 
 [7]
 Cf. Jenkins v. Hennigan (Tex.Civ.App.1957) 298 S.W.2d 905, 910
 
 
 [8]
 Cf., Lebrecht v. Bethlehem Steel Corporation (2d Cir. 1968) 402 F.2d 585, 592; "At the trial the plaintiff also complained that he had become irritable towards his children as a result of the accident."
 
 
 [9]
 Cf., McAlister v. Carl (1964) 233 Md. 446, 197 A.2d 140, 145-146, 15 A.L.R.3d 496. This case states the Maryland rule to be that the determination whether evidence as to likely other employment is admissible on the issue of damages, "depends in large measure upon the facts and circumstances of each particular case" and is "committed largely to the discretion of the trial court." Since in that case the plaintiff had never engaged in the new occupation and had testified that she was merely "interested" in it as a possible future vocation, the ruling of the trial court against the admissibility of any evidence connected with such new occupation was not ground for reversal. (197 A.2d p. 146)
 
 
 [10]
 Prosser on Torts (3d Ed., 1964), p. 912; Hitaffer v. Argonne (1950) 87 U.S.App.D.C. 57, 183 F.2d 811, 816-19, cert. den. 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624
 
 
 [11]
 See, Flandermeyer v. Cooper (1912) 85 Ohio St. 327, 98 N.E. 102, 105-107; and Note, 36 A.L.R.3d 928-929