## GEORGE P. SIPE ET AL. *v.* CHARLES GUDE AUFFORT ET AL.

[No. 291, September Term, 1972.]

*Decided February 23, 1973.*

196

The cause was argued before ORTH, C. J., and THOMP-SON and DAVIDSON, JJ.

*Joseph A. Lynott, Jr.,* for appellants.

*Francis L. Young,* with whom were *Thomas P. Brown, III* and *Brown & Young* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

George Philip Sipe and Mary Elizabeth Sipe, his wife, appeal from judgments awarding Mrs. Sipe damages in the amount of $5,000 for pain and suffering and $718 to her husband for medical expenses and automobile damage resulting from a collision with an automobile operated by Charles Gude Auffort. The vehicle was owned by Mr. & Mrs. Auffort. As the Aufforts have not filed an appeal, the question of liability is not an issue. The appellants' main contention on appeal is the trial court was in error in failing to grant a requested instruction that Mrs. Sipe was entitled to recover lost earnings already incurred and for the potential loss of future earnings.

At the time of the accident, Mrs. Sipe, a registered nurse, was a 53 year old married woman with two adult children and one minor son; she was employed by a physician, Dr. Richard P. Delaney. The day of the accident was the first day of her annual two-week vacation which she and her family had planned to spend in Ocean City, Maryland. Within an hour after the accident, her neck began to hurt; the next day she saw Dr. Benack as her employer was also on vacation. Dr. Benack prescribed moist heat treatments.

On August 15, 1969, the day she was scheduled to return to work, Mrs. Sipe telephoned her employer and

requested further time off from work because of her injuries. When she did return, Dr. Delaney continued the heat treatments until February of 1970 when he referred her to Dr. Mayle, a neurologist, who in turn referred her to Dr. George Thorpe for physical therapy treatments. Dr. Thorpe and Dr. Mayle continued treating her throughout 1970. In April, 1971, Dr. Mayle referred her to Dr. Oliver, an orthopedist, because her lower back and hip were still bothering her. She was still under Dr. Oliver's care at the time of trial. Shortly before trial, her employer, Dr. Delaney, also referred her to Dr. Lord, a neurosurgeon, for additional consultation. After examination, Dr. Lord recommended she wear a back brace, which she was wearing at the time of the trial.

Mrs. Sipe stated that prior to the accident she had no problem with her back or hip but that they had been bothering her continuously thereafter, and that she had to sleep with a heating pad every night since the accident. She testified that the injuries had adversely affected her in the performance of her work at the office and in her chores at home as well as her social and recreational activities. During the summers she had had to take extra time off without pay and that in addition to the two weeks in 1969, she took two weeks in 1970 and one month in 1971. She had already informed Dr. Delaney that she would be unable to work after June 22 of the current year. She testified that her salary in 1969 had been $100 to $125 a week, in 1970, $130 to $135 per week. In 1971 she made $3.10 an hour or about $138 or $140 a week. She testified that before the accident she was working approximately 48 hours a week but that she was now working 4½ days.

George Sipe, her husband, testified that since the accident his wife was unable to perform her household chores in the usual manner and she now needed assistance; she could not lift anything, was unable to finish ironing, could not do any stretching and had difficulty climbing stairs. Dr. Delaney testified that after the accident, Mrs. Sipe had to spend more time away from the job because

of her back pain and that although she came to work in pain, there were times when it got to be too much for her and she just could not come. While at the office, she frequently had to sit down, interrupting the performance of her duties.

Dr. Norman Oliver testified that as a result of the accident Mrs. Sipe had suffered a "soft disc at L-5" which meant a partial denervation in the muscles at the fifth lumbar vertebra. In his opinion the condition was permanent. Dr. George Thorpe testified that Mrs. Sipe suffered an injury to a "L-5 nerve root on the right side which showed a slight partial denervation, which indicates that some of the nerve fibers in the muscle are broken." In his opinion the injury was caused by the accident and was permanent.

In the line of cases cited in the note [1] and more recently in *Bender v. Popp*, 246 Md. 65, 227 A. 2d 237, the Court of Appeals has considered what testimony would support an instruction as to the plaintiff's right to recover for impairment of future earning capacity. The evidence supporting the impairment was no more definite in those cases than in the instant case.

Appellees argue that the damage instructions given by the trial judge and quoted in the note [2] sufficiently de-

---

1. *Ihrie v. Anthony*, 205 Md. 296, 107 A. 2d 104; *Adams v. Benson*, 208 Md. 261, 117 A. 2d 881; *Baltimore Transit Company v. Truitt*, 223 Md. 440, 164 A. 2d 882; and *Delph v. Ammons*, 239 Md. 662, 212 A. 2d 504.

2. "The Defendant is liable only for such injuries as were proximately caused by the accident in question, if you find . . . that the accident in question was caused by the negligence of the Defendant.
* * *
"If the Plaintiffs are entitled to recover damages, the burden is upon them to prove by a fair preponderance of affirmative evidence satisfactory to you each and every element of injury which is alleged.

"If you do not believe that the Plaintiff, Mrs. Sipe, sustained any particular injury which she claims to have received in the accident, or if the evidence leaves your minds in a state of even balance as to whether or not she sustained such particular injury, then you are not to award her damages by reason thereof.

"You are not to engage in conjecture or speculation or to allow damages for any complaints not proven to your satisfaction to have resulted from the accident complained of.

"If you find in favor of the Plaintiff, you are to award damages

limited for the jurors the extent of what they should consider as damages. It will be observed that various classes

for all of the injuries sustained by Mrs. Sipe, the female Plaintiff, as a result of the accident. Even though you may be of the opinion that the Defendant's negligence, if any, was slight or not of a gross or severe character, the Plaintiff would nevertheless be entitled to that amount of money which fairly and adequately compensates her for her damages.

"I want to make it clear at this juncture, ladies and gentlemen, that while I have used Plaintiff or Plaintiffs from time to time, as I now realize I have done, there are two Plaintiffs in the case, and they claim separately for different matters of damage in two separate counts of the Declaration, and they claim jointly in another count of the Declaration, which I shall later explain to you in more detail.

"If you find for the Plaintiff, Mrs. Sipe, then in estimating damages to be awarded to her, you shall consider first the health and condition of Mrs. Sipe prior to the accident as compared with her health and condition as you find from the evidence they now are as a result of the accident.

"Second, you should consider whether the injuries sustained by Mrs. Sipe are permanent, and the extent of any pain or suffering these injuries will cause her in the future, and the extent, if any, that they will interfere with her normal activities.

"Third, you should consider the amount of physical pain and mental anguish, if any, which you find she has sustained in the past and is likely to sustain in the future.
\* \* \*

"If you find in this case that the Defendant was negligent and that his negligence was a proximate cause of aggravating a previously existing injury or disability suffered by the Plaintiff, and this would apply, of course, only to Mrs. Sipe, who is the only one of the Plaintiffs alleging to have been physically injured in the accident, then Mrs. Sipe would be entitled to recover to the extent that you find the condition has been aggravated, increased or augmented.

"According to the Mortality Tables which are in evidence, the life expectancy of a woman in the situation of Mrs. Sipe, that is a white female of the age of 53 years, is 28 and four-tenths years.

"Perhaps, I better repeat that. According to the Mortality Tables, Mrs. Sipe's life expectancy is 28 and four-tenths years.

"This fact is in evidence and may be considered by you in fixing damages if you find that she is entitled to a verdict.

"However, this one factor of evidence is not by law controlling, but should be considered in connection with all the other evidence bearing on the same issue, such as that pertaining to the health, habits and activity of the person whose life expectancy is in question.
\* \* \*

"I might reiterate that there are three counts in the Declaration which remain for your consideration.

"The second count is the count under which Mary Elizabeth Sipe sues the Defendant for her damages by way of injuries alledgedly arising out of the accident in question; and under that count if vou find in her favor, then you shall award to her such sum as shall fairly and reasonably compensate her for the damages which she sustained, if you so find."

of damages were itemized but without reference to impairment of earnings. Appellees ignore *Bender v. Popp, supra,* which holds specifically to the contrary on somewhat similar evidence and somewhat similar instructions; rather they rely on *Wilhelm v. State Traffic Safety Commission,* 230 Md. 91, 185 A. 2d 715, wherein the trial judge stated that the plaintiff was entitled to recover for the loss of services she "has sustained." The Court held that although the instructions could have been clearer, when considered as a whole they fairly presented the issue as to future losses to the jury and there appeared to be no prejudice. The appellees also cite *Hartman v. Meadows,* 243 Md. 158, 220 A. 2d 555, wherein the plaintiff felt that a portion of the court's charge indicated that one of the plaintiff's witnesses may have been untruthful with reference to a collateral issue. The Court looking at instructions as a whole decided that the average jury of the day would not be likely to draw such a conclusion from his instruction to ignore certain evidence.

*Wilhelm* and *Hartman* are not applicable as the cases cited *supra* hold that the trial judge, in a case such as this, is required, on request, to grant a specific instruction as to impairment of future earnings. It follows that if the evidence presented was sufficient to support an instruction concerning impairment of future earnings that it was more than sufficient to support an instruction that Mrs. Sipe was entitled to recover for loss of prior earnings.

Appellants also raise a question concerning the instructions as to future medical expenses. This item was specifically covered by the instructions given.

> *Judgments reversed.*
> *Case remanded for new trial*
> *    on the issue of damages.*
> *Appellees to pay costs.*