JAMES STEPHEN GOFF, A MINOR, ETC. ET AL. *v.*
RUTH WHITE RICHARDS

[No. 135, September Term, 1973.]

*Decided October 26, 1973.*

The cause was argued before THOMPSON, GILBERT and
MOORE, JJ.

*Arthur V. Butler,* with whom were *Robert L. Walsh,
Cheryl Lynn Hepfer* and *Lawrence F. Weslock* on the brief,
for appellant.

*Nat W. Hopper,* with whom were *Serio, Hopper &
Carmody* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

In the instant motor tort case, the trial judge, upon
motion, granted a directed verdict in favor of the
defendant-appellee at the conclusion of the opening
statement by counsel for the plaintiff-appellant.

On appeal to this Court, appellant poses four questions for our review. Because we reverse the judgment of the trial court and remand this case for a new trial on the ground that the trial judge is without authority in this State to grant a motion for directed verdict at the conclusion of an opening statement, it is unnecessary for us to consider appellant's other three contentions.

The only Maryland Rule dealing directly with the subject of directed verdicts is Rule 552. Paragraph a. thereof provides:

> "In an action tried by a jury any party may move, at the close of the evidence offered by an opponent or at the close of all the evidence, for a directed verdict in his favor on any or all of the issues. Such motion shall state the grounds therefor. An objection on behalf of the adverse party to such motion shall be entered as of course." [1]

Appellee Richards argues that directing a verdict on opening statement was recognized by this Court in *White v. State*, 11 Md. App. 423, 274 A. 2d 671 (1971), and by the Court of Appeals in *McLhinney v. Lansdell Corp. of Md.*, 254 Md. 7, 254 A. 2d 177 (1969). Appellee, however, reads more into *White* and *McLhinney* than the respective Courts said. In *White, supra,* we considered a criminal case wherein the accused, at the end of the opening statement made by the Assistant State's Attorney, moved for a directed verdict, which motion was denied. Judge Moylan, for this Court, stated, at 425:

> ". . . The imaginative attempt of the appellants to take an infrequently invoked and not universally recognized procedure from the trial of a civil suit and to engraft it — by analogy — onto the criminal trial cannot, however, prevail.

---

1. Compare Rule 50 (a) of the Federal Rules of Civil Procedure.

> Although the issue does not appear ever to have been squarely raised in this State, in civil litigation the power of the trial court in its discretion, on proper motion, to direct a verdict on the opening statement of counsel seems generally, although not universally, conceded." [2]

It was pointed out in *White, supra,* that the practice, where permitted, of granting directed verdicts based upon the opening statement of counsel is in infrequent use and occurs only where special circumstances imperatively require it. *White* does not stand for the proposition that in this State a trial judge may grant a directed verdict based upon opening statement of counsel. *McLhinney, supra,* is factually and legally inapposite. It holds that in opening statement counsel may make concessions which are binding upon his client. It does not, however, imply that a trial judge has the authority to direct a verdict at the point in the trial that he did in the instant case.

Opening statements in a jury trial are merely for the purpose of apprising the jury as to the issues involved and what it might reasonably expect the evidence presented to it to be. Such statements are not evidence, *Hartman v. Meadows,* 243 Md. 158, 220 A. 2d 555 (1966); *Stocksdale v. Jones,* 133 Md. 176, 104 A. 416 (1918), although material concessions and stipulations may be made therein, *McLhinney, supra.* Had the Court of Appeals intended to cloak trial judges with the authority to grant a directed verdict at the conclusion of an opening statement,[3] it could, by a simple alteration of Rule 552 a, have so provided. It is significant that they did not do so, and the omission of such a proviso demonstrates to us the intention of the Court that

---

2. *See* 53 Am. Jur. Trial, § 371 (1945); Annot., 5 A.L.R.3d 1405 (1966); Annot., 129 A.L.R. 557 (1940); 83 A.L.R. 221 (1933).

3. It is conceivable that if trial judges were authorized to grant a directed verdict on opening statement that counsel might be inclined to exaggerate his case in his opening statement to the jury in order to be certain that enough legal ground was covered to preclude the entry of a directed verdict, or, in the alternative, to waive opening statement and thus avoid the risk altogether.

trial judges in this State [4] shall not direct verdicts on opening statement.[5]

*Judgment reversed.*
*Case remanded for a new trial.*
*Costs to be paid by appellee.*

---

**4.** For other jurisdictions so holding, *see* Annot., 5 A.L.R.3d 1405, 1418 (1966).

**5.** We recognize that the Federal practice is otherwise. *See* Best v. District of Columbia, 291 U. S. 411, 54 S. Ct. 487, 78 L. Ed. 882 (1934), wherein it was stated by Mr. Chief Justice Hughes, at 415-16:

> "There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover. . . . But the power is not properly exercised if the opening statement leaves doubt as to the facts or permits conflicting inferences. . . . To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists."

*See also,* Lampka v. Wilson Line of Washington, Inc., 117 U. S. App. D. C. 55, 325 F. 2d 628 (1963).